26680. BUTTERWORTH v. BUTTERWORTH.

SUBMITTED SEPTEMBER 16, 1971—
DECIDED NOVEMBER 5, 1971.

*Heyman & Sizemore, W. Dan Greer, John P. Manton,* for appellant.

*Wilkinson & Nance, A. Mims Wilkinson, Jr., John C. Hunter,* for appellee.

GRICE, Justice. This appeal stems from further litigation and modification of an award for child support.

In 1967 the parties, Patricia Bird Butterworth and Henry Harper Butterworth, Jr., were granted a divorce by the Superior Court of DeKalb County. The decree placed custody of their children in the mother and provided that the father was to pay $150 per month for each child for their "support, maintenance and education."

Subsequently, on March 9, 1970, the mother filed a complaint seeking revision of the decree insofar as child support was concerned, alleging increased cost of support and increased income of the father. Thereupon the trial court entered an order, effective August 1, 1970, increasing the child support to $200 each month for the eldest child, and $175 for each of the younger children until each attained 12 years of age and thereafter $200 per month. This order also provided that the father was to pay into an educational trust fund in the event of cessation of alimony payments for the mother.

From that order the father appealed; *Butterworth v. Butterworth*, 227 Ga. 301 (180 SE2d 549). This court held that it was error to modify the decree by creation of the trust fund. We also held that under a construction of *Code Ann.* §§ 30-220 and 30-221 the trial court should have allowed cross examination of the mother as to her income and financial status.

We remanded the case "to the trial judge for a revision of his order in accordance with our holdings . . ." In doing so we stated in the concluding paragraph of the opinion that "The evidence is sufficient to support a judgment increasing child support in some amount. In view of the holdings elsewhere in this opinion, however, the judgment must be reversed and the case remanded with direction that the trial judge determine the amount of child support in accordance with the principles hereinabove set forth."

Upon receipt of the remittitur from this court, the trial judge heard additional evidence from both parties and on May 14, 1971, entered judgment modifying the prior award by increasing the child support payments to each child from $150 per month to $250 per month, effective February 1, 1971.

This appeal is from the judgment and embraces five enumerations of error.

■ The first enumeration asserts in substance that the trial court erred in denying the father's motion for a trial de novo and treating the hearings after the appeal judgment as a continuation of the previous trial. In support of this he argues that because this court reversed the judgment of the trial court and remanded the case to be heard in compliance with its holdings, he could receive a fair trial on the issue of modification only upon a retrial in its entirety; and in the alternative, urges that the directions to the trial court were not sufficiently clear, and thus the words "reversed with direction" can mean only reversal.

We cannot agree.

As we view them, the directions of this court on the prior appeal are clear that the case was remanded to the "trial *judge* for a revision of *his* order." (Emphasis supplied). We upheld the evidence to support "a judgment increasing child support in some amount", and the "trial judge" was then directed to "determine the amount . . . in accordance with the principles hereinabove set forth."

From the record of the subsequent hearings it is obvious that they were merely a continuation of the pre-appeal trial. From what appears the father was permitted ample opportunity to present all the evidence he desired on the issue. No injury thus resulted to him and no abuse of discretion is shown.

■ Also enumerated as error is the denial of the father's demand for a jury trial upon the proceedings subsequent to the appeal. However, the ruling in Division 1 controls adversely to him here.

■ The father also complains in essence that the trial court erred in modifying the original decree so as to increase the alimony payments retroactively as of February 1, 1971. We find nothing to justify this retroactivity. Direction is hereby given to make the date of increase the date of the modifying decree, May 14, 1971.

■ The father also contends that the trial court erred in

modifying the original decree in an increased amount because the determination was contrary to the principles set forth in this court's opinion. It is urged that the facts produced did not warrant any increase in child support.

The facts, as we interpret them, do not sustain the father's position. The undisputed evidence shows that his net income had increased from $32,650.45 in 1967 when the original decree was entered, to $36,964 in 1970, the last year before the subsequent proceedings. This increase, together with the mother's re-marriage and termination of the $450 per month alimony paid to her by the father, amply supported the revised award. While evidence showed that the mother's salary had increased from approximately $60 to $75 per week to $8,500 a year, her job was threatened due to her poor health. She also testified that of the approximately $28,000 she inherited from her mother, slightly less than $10,000 was then available to her and it was committed for the down payment on a home to be purchased in accordance with the mother's wishes.

Under all of this evidence, which reflects the financial status as of the date of the subsequent hearings, it cannot be demonstrated that a judgment in favor of the mother was not supported by any evidence and was contrary to the principles in this court's opinion above referred to.

■ Finally, it is insisted that the trial court committed error in permitting the mother, upon the subsequent hearings, to readopt and affirm by reference the testimony which she had given upon the prior trial.

We cannot agree.

Under our ruling in Division 1 of this opinion, what occurred upon the subsequent hearings was a continuation of the original hearing. It follows that it was proper for the trial court to consider, as it did, the evidence presented by both parties at both the original and the subsequent hearings. The trial judge was not required to disregard the evidence previously placed in the record and then to begin anew taking testimony and receiving documentary evidence. That would have been useless and time consuming. Fur-

thermore, no harm to the father was shown from this.

We find no error. Accordingly the trial court's judgment is

*Affirmed in part; reversed in part with direction. All the Justices concur.*