## 32269. DANIEL v. DANIEL.

HALL, Justice.

This is an appeal from an order of the Superior Court of Terrell County granting the appellee's motion for summary judgment on the appellant's counterclaim in a child support modification action.

The appellant-husband and appellee-wife were divorced in 1974. Issues of child custody, child support, alimony and property settlement were agreed to by the parties and incorporated into the final divorce judgment. On July 9, 1976, the appellee filed a petition to modify the child support provisions of the divorce judgment. In a separate and distinct proceeding, the appellee obtained a writ of fieri facias against the appellant for unpaid child support payments for the months of September 1975 through February of 1976 pursuant to Code Ann. § 30-204. In addition to answering the modification petition, the appellant filed a counterclaim contending that the procedures set forth in Code Ann. § 30-204 are unconstitutional and that the alleged child support arrearages are not required under the divorce judgment or should not be required because the parties' children were in his custody during those months by mutual

agreement. The appellee filed a motion for summary judgment on the appellant's counterclaim which was granted. The appellant appeals.

1. In *Wood v. Atkinson,* 231 Ga. 271 (201 SE2d 394) (1973) we upheld the constitutionality of Code Ann. § 30-204. We have recently reviewed and upheld the principles of that decision in *West Point Pepperell v. Springfield,* 238 Ga. 655, 656 (235 SE2d 24) (1977). We do not agree with the appellant that decisions of the United States Supreme Court and of this court since the 1973 decision in *Wood* dictate a different result.

2. The original divorce decree between the parties provided for joint custody of the three minor children by mutual agreement. The appellee-wife was to have custody for the months of September through May and was to receive $117 per child per month during those months. The appellant-husband was to have alternate weekend visitation rights during those months and visitation rights over the children's Christmas vacation and between school terms. The appellant was given custody of the children for the months of June, July and August, during which time he was not required to make child support payments. The appellee was given alternate weekend visitation rights during those months. The parties also agreed to confer with each other on all matters pertaining to the health, welfare, education and upbringing of the children with a view toward promoting the children's best interests.

In the fall of 1975 the appellee decided to return to school to complete her education. Not desiring to uproot the children, the parties agreed that the children should continue in the appellant's custody during the appellee's school term. Pursuant to this agreement between the parties, the children remained in the appellant's custody from September 1975 through February 1976. In February 1976 the appellee decided that the arrangement was not working out and thereafter resumed custody according to the terms of the divorce decree. Based on his understanding of the divorce decree and his understanding of the oral agreement, the appellant did not pay the appellee child support payments during September 1975 through February 1976 while he had

custody of all three children and was totally supporting them. In December 1976 the appellee obtained an execution against the appellant for this unpaid child support. The appellant contends that the execution was improperly granted. We agree.

While this court has held that parties to a divorce decree cannot by private agreement modify the terms of that decree (see, e.g., *Meredith v. Meredith,* 238 Ga. 595 (1) (234 SE2d 510) (1977) and cits.), we find that the unusual circumstances of this case authorize a different result.

Most courts faced with the issue of a father's right to credit in child support arrearages have taken the position that a father is not entitled as a matter of law to credit for voluntary expenditures. See 47 ALR3d 1039 (1973) and cits. Several jurisdictions, including many which support the above general rule, have held that a father may be given credit if equity would so dictate under the particular circumstances involved, provided that such an allowance would not do an injustice to the mother. 47 ALR3d, supra, at 1041. Included among these equitable exceptions are situations where the mother has consented to the father's voluntary expenditures as an alternative to his child support obligation, see, e.g., *Frazier v. Rainey,* 227 Ga. 350 (180 SE2d 725) (1971), see also 47 ALR3d supra, at 1043, or where the father has been in substantial compliance with the spirit and intent of the divorce decree, for example, where he has discontinued child support payments while he had the care and custody of the children and supported them at the mother's request. Headley v. Headley, 277 Ala. 464 (172 S2d 29) (1964). Compare *Roberts v. Roberts,* 231 Ga. 370 (1) (202 SE2d 57) (1973). These exceptions are to be distinguished from those instances where the father has made voluntary overpayments of the child support due and owing without request or consent by the mother. Under such circumstances, he is not entitled to credit in computing arrearages. See, e.g., *Wills v. Glunts,* 222 Ga. 647 (151 SE2d 760) (1966); *Flesch v. Flesch,* 222 Ga. 513 (150 SE2d 619) (1966). We also distinguish those cases where an agreement was made between the parties post-judgment to allow a reduction in child support but where the mother retained custody of the children. See, e.g., *Meredith v. Meredith,* 238 Ga. 595,

supra (1977); *Hawkins v. Edge,* 218 Ga. 463 (128 SE2d 493) (1962).

In this case we have a joint custody divorce decree which contained no support obligations by the appellant during those months he was to have custody. In addition, we have an agreement by the appellant to assume custody of all three children in order for the appellee to further her education. During the assumed custody the appellant totally provided for the children's support. With the exception of this six month period of time, the appellant-husband has been in compliance with the divorce decree. During this six-month period he was in compliance with the apparent intent and spirit of the divorce decree. Under the circumstances of this case, we find that it would be inequitable to require the appellant to pay again for maintenance he has already supplied at the appellee's request.

We note in passing that the holding in this case is limited to the unusual combination of facts we had to consider. We are by no means authorizing blanket modification of divorce decrees by private agreement. Under normal circumstances, Code Ann. § 30-220 provides the proper method by which child support provisions of a divorce decree may be revised or modified.

The writ of fieri facias was improperly issued and the summary judgment on appellant's counterclaim was improperly granted.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only. Bowles, J., disqualified.*

SUBMITTED MAY 10, 1977 — DECIDED SEPTEMBER 7, 1977.

*Watson, Spence, Lowe & Chambless, Thomas S. Chambless,* for appellant.