TERESA FLEMING v. JACKIE W. FLEMING

No. 8028DC383

(Filed 4 November 1980)

1. **Divorce and Alimony § 24.4– registration of foreign child support order – personal jurisdiction unnecessary**

    Personal jurisdiction is unnecessary for mere registration of a foreign support order under the Uniform Reciprocal Enforcement of Support Act, and language in the trial court's confirmation order purporting to find personal jurisdiction was superfluous and did not bind defendant in subsequent enforcement proceedings.

2. **Divorce and Alimony §§ 21.8, 24.4– foreign alimony and child support orders – enforcement hearing – right to attack jurisdiction of foreign court**

    The trial court's superfluous conclusion that an Arizona court had personal jurisdiction over defendant to enter orders requiring payment of alimony and child support did not prevent defendant from defending at an enforcement hearing on the basis of Arizona's lack of jurisdiction over his person; however, defendant failed to include in the record anything of the proceedings at the enforcement hearing, and no error will be found where

jurisdiction was presumed and the record is devoid of any effort to show lack of jurisdiction.

3. **Divorce and Alimony §§ 21.8, 24.4– foreign alimony and child support orders – full faith and credit**

    Arizona decrees for alimony and child support were entitled to full faith and credit in determining arrearages since a decree for the future payment of alimony or child support is, as to installments past due and unpaid, within the protection of the full faith and credit of the Constitution unless by the law of the state in which the decree was rendered its enforcement is so completely within the discretion of the courts in that state that they may annul or modify the decree as to overdue and unsatisfied installments, and in Arizona installments of alimony and support payments become vested when they become due and the courts of that state have no power to modify the decree as to such past due installments.

4. **Divorce and Alimony §§ 21.8, 24.4– alimony and child support arrearages – foreign judgment res judicata**

    An Arizona judgment was res judicata on the issue of arrearages due plaintiff for alimony and child support up to the date of entry of the judgment, and the trial court erred in failing to treat the judgment as res judicata.

5. **Divorce and Alimony §§ 21.8, 24.4– foreign order for alimony and child support – amount of arrearages**

    Where Arizona decrees, which were entitled to full faith and credit, provided that plaintiff was entitled to $600 per month for alimony and $300 per month for child support, and an Arizona judgment entered on 30 May 1978 ordered defendant to pay arrearages due under the decrees, the trial court should have found that defendant owed plaintiff $17,100 (which was $900 multiplied by the nineteen months since the Arizona judgment) less the amount defendant had already paid plaintiff during the nineteen month period.

APPEAL by defendant from *Styles* and *Fowler, Judges.* Orders entered 30 October 1979 and 17 December 1979 in District Court, BUNCOMBE County. Appeal by plaintiff from *Fowler, Judge.* Order entered 17 December 1979 in District Court, BUNCOMBE County. Heard in the Court of Appeals in Waynesville on 28 August 1980.

The parties in this case were married in 1974 and adopted a son in 1975. They moved to Nogales, Arizona, in 1976 where the defendant operated a trucking business. They went to California later in 1976 in connection with defendant's trucking business, but plaintiff left and returned to the parties' home in Arizona within two weeks of going to California. Defendant remained in California.

Fleming v. Fleming

Plaintiff instituted action for divorce in Arizona and over the course of the next two years obtained the following:

(1) An Arizona Decree of Dissolution dated 29 September 1976, dissolving the parties' marriage and awarding the plaintiff $600 a month alimony and custody of their son;

(2) An Arizona Order to Modify Decree of Dissolution dated 31 January 1978, ordering defendant to pay $300 a month in child support; and

(3) An Arizona Judgment dated 30 May 1978 ordering defendant to pay $9,120.50 in arrearages of the foregoing two orders. In none of these proceedings was process personally served on the defendant in the State of Arizona, nor did defendant make any appearance in the Arizona court.

Plaintiff registered the foreign judgments in Buncombe County pursuant to N.C. Gen. Stat. Ch. 52A, the Uniform Reciprocal Enforcement of Support Act (URESA). Defendant contested the registration on the ground that the Arizona court had lacked jurisdiction over his person. A hearing was held pursuant to which Styles, District Court Judge, entered an order dated 30 October 1979 confirming the registration of the foreign judgments, concluding that the Arizona court had personal jurisdiction over the defendant, and ordering that a hearing on enforcement of the registered orders be held on 7 December 1979.

At the enforcement hearing before Fowler, District Court Judge, plaintiff moved the court for a determination of arrearages due and owing under the Arizona orders. Plaintiff testified that since the initial Arizona decree in September of 1976 defendant had made payments to her in the following amounts for the respective calendar years: 1976 — $3,350.00; 1977 — $671.00; 1978 — $1,070.00; 1979 prior to filing of North Carolina litigation — $2,110.00; 1979 since filing of North Carolina litigation — $1,670.00; for a total payment, according to plaintiff's testimony of $8,808.00. [*Sic*, the actual total payment is $8,871.00. The record does not make clear whether the error in totalling up these figures was the plaintiff's or the judge's.] The defendant testified that since September 1976 he had made the following payments to plaintiff for spousal maintenance and child support: 1976 — $15,150.00; 1977 — $4,219.98; 1978 prior to the

Arizona judgment for arrearages — 0; 1978 after the Arizona judgment — $1,597.28; 1979 — $3,400.00; for a total payment, according to defendant's testimony, of $24,367.26.

The judge in an order dated 17 December 1979 denied plaintiff's request for arrearages and ordered the defendant to pay future payments under the Arizona orders into the office of the Clerk of Superior Court, Buncombe County, in the amounts specified in the foreign judgments.

*Brock, Begley & Drye by Michael W. Drye for plaintiff appellant-appellee.*

*Redden, Redden & Redden by Randolph C. Romeo for defendant appellant-appellee.*

CLARK, Judge.

Defendant bases his appeal on two questions. The first is whether Judge Styles erred in concluding at the confirmation hearing that the Arizona court had personal jurisdiction over the defendant. The second is whether that conclusion foreclosed the defendant from presenting at the enforcement hearing "matters that would be available to him as defenses in an action to enforce a foreign money judgment [*i.e.*, the lack of personal jurisdiction of the court rendering the original judgment]" as provided in G.S. 52A-30(c). We resolve both questions against the defendant.

[1] Judge Styles' conclusion that the Arizona court had personal jurisdiction over the defendant did not prejudice the defendant in the confirmation hearing. In a similar case, *Pinner v. Pinner*, 33 N.C. App. 204, 234 S.E. 2d 633 (1977), we held that registration and enforcement were entirely separate procedures under URESA, G.S. Ch. 52A. We further held that personal jurisdiction is unnecessary for mere registration of a foreign support order under URESA, G.S. 52A-29, and that language in a confirmation order purporting to find personal jurisdiction was superfluous and did not bind the defendant therein in the subsequent enforcement proceedings. *Pinner v. Pinner*, 33 N.C. App. at 207, 234 S.E. 2d at 636. Defendant was not prejudiced by Judge Styles' superfluous jurisdictional findings because they were unnecessary to the issue before the court and were therefore of no effect upon the rights of the parties in the subsequent enforcement hearing.

[2]  Judge Styles' conclusion that the Arizona court had personal jurisdiction over the defendant did not prejudice the defendant in the enforcement proceedings. As previously indicated, the defendant was free to defend at the enforcement hearing on the basis of Arizona's lack of jurisdiction over his person. *Pinner v. Pinner, supra.* Defendant has failed to include in the record anything of the proceedings at the enforcement hearing. We are, therefore, unable to examine the record and determine whether the defendant properly raised the issue of personal jurisdiction at the enforcement hearing.

> "In challenging a foreign judgment a defendant has the right to interpose proper defenses. He may defeat recovery by showing want of jurisdiction either as to the subject matter or as to the person of defendant. *Hat Co., Inc. v. Chizik,* 223 N.C. 371, 26 S.E. 2d 871; *Casey v. Barker,* 219 N.C. 465, 14 S.E. 2d 429; *Dansby v. Insurance Co., supra.* However, jurisdiction will be presumed until the contrary is shown. *Levin v. Gladstein, supra.*"

*Thomas v. Frosty Morn Meats,* 266 N.C. 523, 526, 146 S.E. 2d 397, 400 (1966). No error will be found where jurisdiction was presumed and the record is devoid of any effort to show lack of jurisdiction.

Plaintiff appeals that portion of the Order of 17 December 1979, denying her arrearages under the Arizona decree and order to modify the decree. Plaintiff's appeal must be considered in three parts. First, we must determine whether the Arizona decrees are entitled to full faith and credit in determining arrearages. Second, we must consider whether the Arizona judgment of 30 May 1978 was *res judicata* as to arrearages up to that date. Third, we must determine whether plaintiff is entitled to arrearages for the period of 30 May 1978 to 17 December 1979.

[3]  The full faith and credit clause in the United States Constitution, Article IV, Sec. 1, requires that the judgment of the court of one state must be given the same effect in a sister state that it has in the state where it was rendered. *Spence v. Durham,* 283 N.C. 671, 683, 198 S.E. 2d 537, 545 (1973), *cert. denied, sub nom Spence v. Spence,* 415 U.S. 918, 39 L. Ed. 2d 473, 94 S. Ct. 1417 (1974). A decree for the future payment of alimony or child support is, as to installments past due and unpaid,

within the protection of the full faith and credit clause of the Constitution unless by the law of the state in which the decree was rendered its enforcement is so completely within the discretion of the courts in that state that they may annul or modify the decree as to overdue and unsatisfied installments. *Sistare v. Sistare,* 218 U.S. 1, 54 L. Ed. 2d 905, 30 S. Ct. 682 (1910); *Lockman v. Lockman,* 220 N.C. 95, 16 S.E. 2d 670 (1941). It is clear from the case law of the State of Arizona that installments of alimony and support payments become vested when they become due and the courts of that state have no power to modify the decree as to such past due installments. *Adair v. Superior Court of Maricopa County,* 44 Ariz. 139, 33 P. 2d 995, 94 A.L.R. 328 (1934). It must also be noted that URESA provides that a properly registered foreign support order "shall be treated in the same manner as a support order issued by a court of this State." G.S. 52A-30(a). Judge Fowler then was bound by the Arizona decrees in determining the arrearages owing to plaintiff under the duly registered Arizona decrees.

[4]   The judgment of 30 May 1978 is a final judgment entitled to full faith and credit, *Spence v. Durham, supra,* and is conclusive on the amount owed by defendant under the two decrees between the time of their entry in Arizona and the time of entry of the Arizona judgment for arrearages on 30 May 1978. " 'Under the full faith and credit clause of the Constitution of the United States, a judgment rendered by a court of one State is, in the courts of another State of the Union, binding and conclusive as to the merits adjudicated. It is improper to permit an alteration or re-examination of the judgment, or of the grounds on which it is based * * * .' " *Sears v. Sears,* 253 N.C. 415, 417, 117 S.E. 2d 7, 9 (1960), *quoting, Howland v. Stitzer,* 231 N.C. 528, 531, 58 S.E. 2d 104, 106 (1950). The trial judge erred in failing to treat the Arizona judgment for $9,120.50 as *res judicata* on the issue of arrearages due to the plaintiff up to 30 May 1978.

[5]   With regard to the arrearages due plaintiff for the period between 30 May 1978 and 17 December 1979, the trial court was free to make an independent determination. In this determination, however, the court was bound to consider the properly registered Arizona decrees. As previously explained, these decrees were entitled to full faith and credit and were conclusive as to amounts past due. Under the Arizona decrees plaintiff

was entitled to $600.00 per month for alimony and $300.00 per month for child support in each of the 19 months since the entry of the 30 May 1978 Arizona judgment. Thus defendant's indebtedness to plaintiff for the period of 30 May 1978 to 17 December 1979 amounted to $17,100.00. The trial judge was not free, consistent with full faith and credit, to find any other figure as defendant's debt under the decrees.

The evidence of the defendant suggests that he paid to plaintiff $4,997.28 during the period in question; therefore, by his own testimony he established an arrearage of $12,102.72. We see no way the facts could justify any award of less than this amount. Admittedly, plaintiff's evidence, although admitting receipt of $1,070.00 in 1978, does not establish what portion of that sum was received before the 30 May judgment and what portion was received after; but even if the entire sum were credited to defendant's debt after the 30 May judgment, the defendant would still be $12,250.00 in arrears. We believe on remand that plaintiff should be allowed to show what portion of defendant's 1978 payments to her came before 30 May and what portion came after 30 May. Those payments made after 30 May should be credited against defendant's $17,100.00 debt for the 30 May 1978 to 17 December 1979 period, along with the 1979 payments made before 17 December.

Since this case is appealed by both parties and since our disposition is thereby somewhat fragmented, we will restate the relief we grant today. Defendant's assignments of error to both the 30 October 1979 order of Judge Styles and the 17 December order of Judge Fowler are overruled. Plaintiff's assignment of error to the portion of Judge Fowler's order of 17 December 1979 which denied her arrearages is sustained. On remand arrearages of $9,120.50 will be determined for the period of 29 September 1976 to 30 May 1978; and in determining arrearages for the period of 30 May 1978 to 17 December 1979, the court will take testimony to determine what payments defendant made to plaintiff during that 19-month period, said payments to be credited against the total debt for the same period of $17,100.00, and the difference constituting the additional arrearages to be charged to defendant along with the $9,120.50 already determined.

The order of 30 October 1979 is affirmed.

The order of 17 December 1979 is affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.

Judges MARTIN (Harry C.) and HILL concur.