## 40823. SKINNER v. SKINNER.

HILL, Chief Justice.

We are called upon to consider the application of our decision in *Daniel v. Daniel,* 239 Ga. 466 (238 SE2d 108) (1977), to the facts of this case. In *Daniel* we held that in certain rare instances where equity required it, a father may be given credit for child support expenses he paid although the literal terms of the alimony award were not satisfied. Here the trial court allowed the father $1075 credit for payments he had made to the mother, and modified the decree so as to make her responsible for one-half of the children's medical expenses. We granted the mother's application to appeal.

The husband and wife were divorced in August 1981, and the wife was awarded custody of their two children. Under the terms of their decree, the father was required to pay $50 per child per week in child support and $25 per week by a separate check designated "day care" until the younger child entered first grade, as well as all reasonable medical expenses. In July 1982, the mother removed the younger child from private day care and entered him in public kindergarten, with her mother keeping him after school. The

grandmother refused payment of the $25 per week, but the mother continued to accept the father's checks and used the funds for family expenses, all with the knowledge of the father.

Meanwhile, the father began to complain that the medical expenses were too high and sought to have the mother share these costs, or to credit the $25 day care check for these expenses. In March 1983, she garnished his wages for $108.27 for unpaid medical expenses. In April, the father filed this action to modify the medical expenses provision of the divorce decree, citing changed conditions, and seeking credit for his day care payments. (The day care payments are not otherwise an issue because the younger child now is in first grade.)

The trial court found a substantial change in the father's income and reduced his responsibility for medical expenses to fifty percent. The trial court also granted the father credit for 43 weeks of day care expenses totaling $1075 for the time during which the child was being kept by his grandmother at no cost. The trial court also awarded the $108.27 held in escrow to the father. The mother appeals these rulings.

1. The trial court did not abuse its discretion in modifying the decree to require the mother to share one-half of the medical costs. *Marsh v. Marsh,* 243 Ga. 742 (256 SE2d 442) (1979).

2. The second issue raised concerns the credit for the day care checks totaling $1075 awarded to the father. He contends the award was proper under our holding in *Daniel v. Daniel,* supra, 239 Ga. at 466.

The dominant rules are as follows: A decree providing alimony and child support cannot be modified by agreement of the parties. *Meredith v. Meredith,* 238 Ga. 595 (1) (234 SE2d 510) (1977). After the term at which it was rendered, an alimony and child support award can only be modified by the court in an action instituted for that purpose. *Meredith,* supra; *Lindwall v. Lindwall,* 242 Ga. 13 (3) (247 SE2d 752) (1978); *Herrington v. Herrington,* 231 Ga. 177 (200 SE2d 867) (1973). An order modifying an alimony-child support award can operate only prospectively; i.e., it is not to be given retroactive application. *Butterworth v. Butterworth,* 228 Ga. 277 (3) (185 SE2d 59) (1971). The prohibition on retroactive application precludes the allowance of "credit" for payments previously made.

In *Daniel v. Daniel,* supra, we recognized an equitable exception to these rules where the father had in fact provided child support and failure to allow him credit for such support would require double payment. There the husband and wife agreed to joint custody of their three children; the wife to have custody from September to May and

to receive $117 per month per child during those months and the husband to have custody from June through August, without any child support obligation while he had custody. One year after their divorce, the mother decided to go back to school, and they agreed that the children would remain with the father. This arrangement lasted from September through the following February and the father made no child support payments during these months. After that, they returned to the terms of their original agreement. In December, the mother obtained an execution for unpaid child support payments for the months during which the father had had custody.

While we recognized that a father is not entitled to modify the terms of the decree without the sanction of the court, we also recognized that this rule is inequitable in some situations where the father in fact has provided child support. Thus, credit for the father's voluntary expenditures consented to by the mother as alternatives to child support, or excusal for nonpayment of support obligations where the mother has requested that the father have custody of the children and he supported them during such period, may be appropriate so that the father is not required to pay child support twice when there is no resulting unfairness to the mother or children.[1] In *Daniel,* however, it was stressed that such an equitable ruling required an "unusual combination of facts," and "[w]e are by no means authorizing blanket modification of divorce decrees by private agreement. Under normal circumstances, Code Ann. § 30-220 [now OCGA §§ 19-6-18, 19-6-19] provides the proper method by which child support provisions of a divorce decree may be revised or modified." Id. at p. 469.

We find the case before us falls within "normal" rather than "unusual" circumstances, and is controlled by the requirement that parties may not deviate from the provisions of the divorce decree without the approval of the trial court. *Meredith v. Meredith,* supra.

The $25 weekly day care expense was an obligation which the father agreed to assume for the two-year period from the divorce until the younger child entered first grade. Such payments were not used for day care expenses, a fact which the father knew. The wife's mother agreed to keep the child and refused the proffered payment for the benefit of her grandchildren. The mother testified that she used the money for the children and did not appropriate it for her own

---

[1] The other cases relied upon by the father in addition to *Daniel,* supra, also involved situations where the father had paid child support or its equivalent and the mother was seeking to require the father to pay child support again. See *Farmer v. Farmer,* 147 Ga. App. 387, 390-391 (249 SE2d 106) (1978); *Jennings v. Messman,* 157 Ga. App. 35 (3) (276 SE2d 259) (1981).

purposes. The father is not paying child support twice.

We do not agree that the father rather than the mother should reap the benefit of the grandmother's benevolence. It was intended by the parties that the mother provide child care for the younger child, and that the father pay for it. She provided the child care and he paid the amount agreed upon for this purpose.

This situation does not meet the "unusual" circumstances where the support required under the decree has been provided in another form by the father. Thus, we conclude that the trial court erred in granting $1075 to the father in this case and in retroactively awarding the father the $108.27 held in escrow.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

DECIDED APRIL 25. 1984.

*Sartain & Carey, W. Allan Myers,* for appellant.
*David A. Fox,* for appellee.