S90A0599, S90A0600. REACH v. OWENS; and vice versa.
(391 SE2d 922)

FLETCHER, Justice.

This appeal arises from a declaratory judgment entered in favor of Larry Owens, the former husband of Charlotte Gale Reach, for $11,857. Reach appeals from the judgment, and Owens appeals from the trial court's decision not to dismiss the appeal. We affirm the court's decision not to dismiss the appeal, but reverse the trial court's judgment for Owens.

Reach and Owens were divorced in March 1984. Pursuant to the divorce decree, Owens was to pay child support and to make payments on the "second mortgage" the marital residence secured. Subsequent to the divorce, Owens became disabled and began to receive social security benefits. Reach received a portion of those benefits for the support of the minor children. This portion was slightly more than Owens' court ordered support payments, but Owens continued to make his payments as the court had ordered. Neither Owens nor Reach were aware that Owens was entitled to set-off his support payments in the amount of the social security benefits paid to Reach. When he became aware of the possibility of set-off, he ceased making the child support payments, but did continue to make the payments on the "second mortgage."

Owens brought this declaratory action to obtain a credit against future mortgage payments equal to the amount he had "over paid" his court-ordered support. The trial court granted him the requested relief after finding that the overpayment had not been voluntary. Reach appealed, but filed the transcript late. She did not request an extension from the court. Owens moved for dismissal of the appeal, which the trial court refused to grant after Reach and the court reporter submitted affidavits that the late filing was due to the reporter's work load and not due to any action of Reach.

1. The trial court did not err in refusing to dismiss the appeal. *Baker v. Southern R. Co.,* 260 Ga. 115 (390 SE2d 576) (1990).

2. The general rule in Georgia is that the noncustodial parent has no right to a credit for the voluntary overpayment of child support without the consent of the custodial parent. *Peyton v. Peyton,* 243 Ga. 846, 847 (257 SE2d 268) (1979). Owens argues that equity requires he be allowed a credit for his overpayment. See *Daniel v. Daniel,* 239 Ga. 466, 467 (2) (238 SE2d 108) (1977). While we agree with Owens and the trial court that he has provided twice for the ordered support, we do not agree he is entitled to set-off his other

payments to Reach by the amount of the overpayment.

The rule set forth in *Daniel* applies only in those unusual cases when the parties have agreed to some modification of the divorce decree and equity requires that the non-custodial parent receive a "credit" for the support the parent should have provided under the decree. *Daniel* does not support the use of such a "credit" as a set-off against future child support, alimony, or property division payments. See *Skinner v. Skinner*, 252 Ga. 512, 514, n. 1 (314 SE2d 897) (1984). We find no reason to modify this rule.

*Judgment reversed in S90A0599. Clarke, C. J., Smith, P. J., Hunt, Benham, Fletcher, JJ., and Judge Arnold Shulman concur; Bell, J., dissents. Weltner, J., disqualified. Judgment affirmed in S90A0600. Clarke, C. J., Smith, P. J., Bell, Hunt, Benham, Fletcher, JJ., and Judge Arnold Shulman concur. Weltner, J., disqualified.*

DECIDED MAY 31, 1990.

*Meadows & Assoc., Richard D. Schrade, Jr.,* for appellant.
*Crumbley & Crumbley, Wade M. Crumbley,* for appellee.