S92A0006. HENDRIX v. STONE.
(412 SE2d 536)

BENHAM, Justice.

The parties were divorced in June 1988, and the judgment entered therein obligated Mr. Stone to make monthly alimony payments to appellant for eight years or until either party died or appellant remarried. Appellee ceased making the monthly payments in 1989 when he determined that appellant was living in a meretricious relationship. In July 1990, appellee filed a complaint for modification of the divorce judgment, seeking to terminate his alimony obligation on the ground that appellant allegedly was engaged in a meretricious relationship. See OCGA § 19-6-19 (b). The judgment of the trial court, entered upon a jury verdict, terminated appellee's alimony obligation as of May 11, 1989. We granted appellant's application for discretionary review in order to determine whether a modification of alimony sought under OCGA § 19-6-19 (b) may be effective prior to the date of the judgment granting the modification.[1]

1. The 1988 divorce decree remained a valid judgment, binding on the parties and enforceable according to its terms until modified by a separate proceeding instituted by a petition for modification. *Lindwall v. Lindwall,* 242 Ga. 13 (3) (247 SE2d 752) (1978); OCGA § 19-6-26. See also OCGA § 9-12-40. OCGA § 19-6-19, the statutory vehicle for modification, does not expressly authorize a court to modify retroactively a judgment for periodic payment of permanent alimony, and it appears that the appellate courts of this state have yet to address the issue.[2] For the reasons which follow, we join those jurisdictions which refuse to allow retroactive modification of an alimony ob-

---

[1] Appellant remarried in August 1990, thereby terminating appellee's alimony obligation. However, the remarriage does not affect the question presented: whether a modification of alimony can be applied retrospectively.

[2] We have, however, held that an order modifying a child support obligation can operate only prospectively. *Jarrett v. Jarrett,* 259 Ga. 560 (1) (385 SE2d 279) (1989); *Skinner v. Skinner,* 252 Ga. 512 (2) (314 SE2d 897) (1984); *Butterworth v. Butterworth,* 228 Ga. 277 (3) (185 SE2d 59) (1971).

ligation[3] and accordingly reverse that portion of the trial court's judgment.

We have long recognized that the recipient of alimony paid in installments pursuant to a judgment is entitled, as a matter of right, to an execution or fi. fa. without further proceedings, in order to enforce the judgment as to the accrued, unpaid installments. *Stephens v. Stephens*, 171 Ga. 590 (1) (156 SE 188) (1930). See also OCGA § 19-6-4 (b); *Wood v. Atkinson*, 231 Ga. 271 (201 SE2d 394) (1973); *Cale v. Hale*, 157 Ga. App. 412 (277 SE2d 770) (1981). Thus, as each installment accrues, it is, in essence, a final judgment for a fixed sum and, upon execution, becomes a lien on the payor's property. OCGA § 9-12-80. Retroactive modification of an alimony obligation would vitiate the finality of the judgment obtained as to each past due installment. We therefore conclude that a judgment modifying an alimony obligation is effective no earlier than the date of the judgment.[4]

The holdings in *Morris v. Morris*, 244 Ga. 120 (259 SE2d 65) (1979), and *Bryan v. Bryan*, 242 Ga. 826 (251 SE2d 566) (1979), support the argument that amendments to OCGA § 19-6-19 may be applied to divorces obtained prior to the date of the amendments. Contrary to appellee's assertion, they do not support the argument that a judgment modifying an alimony obligation may be applied retroactively.[5]

2. Appellant contends that our holding in Division 1 would make the trial court's award of attorney fees to appellee erroneous. We disagree. Inasmuch as appellee sought reduction of both his alimony and child support obligations and the jury did reduce his child support obligation, albeit not to the extent appellee had hoped, he was the prevailing party and the trial court was authorized to exercise its discretion and award him attorney fees under OCGA § 19-6-19 (d). *Shapiro v. Lipman*, 259 Ga. 85 (377 SE2d 673) (1989).

*Judgment affirmed in part and reversed in part. Clarke, C. J., Weltner, P. J., Bell, Hunt and Fletcher, JJ., concur.*

---

[3] Clark, The Law of Domestic Relations in the United States, 2d ed., Vol. 2, § 17.6, p. 274.

[4] While it may be argued that a spouse receiving alimony and involved in a meretricious relationship can extend the paying spouse's obligation by doing everything possible to delay entry of judgment on the payor's petition for modification, this apparent inequity is alleviated somewhat by OCGA § 19-6-19 (c), which permits a trial court in which an action for modification is pending to allow, upon motion of a party, a temporary modification of the alimony obligation pending final resolution of the modification petition. Thus, a payor may obtain relief from the obligation prior to the entry of a final judgment if a petition for modification is filed and temporary modification is sought. No such relief was sought in the case at bar. See *Jarrett v. Jarrett*, supra at 561.

[5] Since, in this case, appellee's alimony obligation had terminated upon appellant's remarriage prior to trial on the petition for modification, the trial court should have granted appellant's motion for directed verdict on the issue of modification.

DECIDED FEBRUARY 4, 1992 —
RECONSIDERATION DENIED FEBRUARY 20, 1992.

*Slaughter & Virgin, Frank W. Virgin,* for appellant.
*Simmons, Warren & Szczecko, Joseph Szczecko,* for appellee.