S92A0430, S92X0431. DONALDSON v. DONALDSON; and vice versa.
(416 SE2d 514)

HUNT, Justice.

We granted this application for discretionary appeal to determine the propriety of the trial court's order granting the motion of the former husband to modify, under OCGA § 19-6-19 (b) (the "live-in lover" statute),[1] his obligation to pay alimony. We reverse.

In its order the trial court held the former wife forfeited four months' alimony for a four-month period during which she had cohabited with a third party. Additionally, the trial court held that in the future the former wife would forfeit a month's alimony for any 30-day period during which she had an unrelated male companion stay with her past midnight for more than four nights.

1. In *Hendrix v. Stone*, 261 Ga. 874 (1) (412 SE2d 536) (1992), we held that a trial court may not retroactively modify an alimony obligation. Thus we reversed a trial court's modification under OCGA § 19-6-19 (b) of alimony where the modification was to be effective prior to the date of the judgment granting the modification. For the same reasons, we reverse the trial court's order regarding the four-month period prior to the date of the order.

2. In *Hathcock v. Hathcock*, 249 Ga. 74, 76 (3) (287 SE2d 19) (1982), we construed "meretricious" as used in OCGA § 19-6-19 (b) to define the two situations which would justify the trial court's modification of alimony under that section:

---

[1] OCGA § 19-6-19 (b) provides, in pertinent part,
[T]he voluntary cohabitation of [the] former spouse with a third party in a meretricious relationship shall also be grounds to modify provisions made for periodic payments of permanent alimony for the support of the former spouse. As used in this subsection, the word "cohabitation" means dwelling together continuously and openly in a meretricious relationship with a person of the opposite sex.

[U]pon proof of sexual intercourse between the former spouse and the third party although no proof is offered tending to establish that the former spouse received from, gave to, or shared with the third party expenses of their cohabitation. . . . [T]he statute also applies upon proof that the former spouse received from, gave to, or shared with the third party expenses of their cohabitation although no proof is offered tending to establish sexual intercourse between the former spouse and the third party.[2]

The trial court found that at the time of the hearing on the husband's motion for modification, the former wife was not cohabiting with a third party in a meretricious relationship. Nevertheless, the trial court's order attempts to set a future standard of conduct on the part of the former wife which would automatically trigger a modification of alimony. The standard for modification set by the trial court is not only unreasonably intrusive, it is also unauthorized, since it is not in accordance with that of *Hathcock v. Hathcock* above. Accordingly, the prospective portion of the trial court's order is also reversed.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 21, 1992.

*Bray & Hancock, C. Crandle Bray, Michelle M. McDonough,* for appellant.

*Jon A. Green, Muriel B. August,* for appellee.

[2] See *Pence v. Pence*, 261 Ga. 75, 79-80 (401 SE2d 727) (1991) (Hunt, J., concurring specially) suggesting that, where modification is based on proof solely of an economic benefit to the former spouse resulting from that former spouse's cohabitation, the trial court, before modifying the alimony obligation, be required to consider the extent to which all or part of the alimony award is unnecessary by virtue of the economic benefit the former spouse derives, or has derived, from the meretricious relationship.