TRANSYLVANIA COUNTY DEPARTMENT OF SOCIAL SERVICES O/B/O DONLYN JNE. DOWLING, MOTHER AND MINOR CHILD, PLAINTIFFS v. JOHN M. CONNOLLY, III, DEFENDANT

No. 9329DC660

(Filed 7 June 1994)

1. **Divorce and Separation § 417 (NCI4th)— arrearages under Georgia child support order—forgiving arrearages error**

The trial court erred in modifying a Georgia support order by forgiving defendant for accrued arrearages under that order where there was no evidence that defendant petitioned for a modification of the child support order pursuant to Ga. Code Ann. § 19-6-19(a), and an order modifying the child support order can operate only prospectively.

**Am Jur 2d, Divorce and Separation §§ 1056 et seq.**

2.  **Divorce and Separation §§ 389, 393— child support—credit for payments made by mother—no credit for payments to child or medical providers**

The trial court did not err in giving defendant credit for support payments made on behalf of defendant by defendant's mother where those payments consisted of checks made payable to plaintiff and payments made directly to various utility companies on behalf of plaintiff, since the evidence indicated that there was some agreed or understood modification of the court order by plaintiff and defendant, and plaintiff should not reap the benefit of the grandmother's benevolence regarding the support payments made directly to her, with her consent, and on behalf of defendant, when there was no resulting unfairness to plaintiff or the child; however, defendant was not entitled to credit for support payments which consisted of payments made directly to the child by defendant's mother, since the child had exclusive control over that money and did not use it for clothes or food, nor should defendant receive credit for payments to a bank for a car driven by plaintiff and titled in the names of defendant and his mother or for payments to medical providers, since those payments were defendant's responsibility under the terms of the divorce decree.

**Am Jur 2d, Divorce and Separation §§ 1018 et seq.**

**Right to credit on accrued support payments for time child is in father's custody or for other voluntary expenditures. 47 ALR3d 1031.**

**Spouse's right to set off debt owed by other spouse against accrued spousal or child support payments. 11 ALR5th 259.**

Judge GREENE concurring.

Appeal by plaintiff from order entered 26 January 1993 by Judge Stephen F. Franks in Transylvania County District Court. Heard in the Court of Appeals 22 March 1994.

*Attorney General Michael F. Easley, by Associate Attorney General Sybil Mann, for the State-appellant.*

*Ramsey, Hill, Smart, Ramsey & Pratt, P. A., by Michael K. Pratt, for defendant-appellee.*

JOHNSON, Judge.

Donlyn Dowling (plaintiff) appeals from an order filed 26 January 1993 in Transylvania County District Court, denying her claim for past due child support and concluding that John M. Connolly, III (defendant) did not owe any sums for arrearage for child support.

Plaintiff and defendant married on 27 March 1981; a child was born of the marriage on 15 August 1984, and the parties separated on 16 April 1990. An interim order was entered requiring defendant to pay $100.00 per week until entry of the divorce decree. On 3 October 1990, a divorce decree was signed in Douglas County, Georgia, and ordered:

> The defendant shall pay child support in the amount of $260.00 per week, beginning October 5, 1990. Child support shall continue until the child marries, dies, or becomes otherwise emancipated. This award of child support is based upon an annual income of $80,000.00 and is within the present child support guidelines.

On 11 June 1991, plaintiff, a resident of Florida, through the Transylvania County Department of Social Services, instituted this action for past due child support, pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA). North Carolina General Statutes § 52A-1 to -32 (1992).

The record contains a copy of twenty-three checks from Margie Connolly (Mrs. Connolly), defendant's mother, made payable to the parties' child. Mrs. Connolly produced other checks showing six payments to various utilities, four payments to Trust Company Bank, five payments to medical providers for the child, and five payments to plaintiff.

After the hearing, the trial court made the following pertinent findings of fact:

> 4. . . . that an order was entered in Georgia upon the testimony of the Plaintiff directing the Defendant to pay the sum of $240 per week in child support; . . .

> 5. Thereafter the parents of the Defendant, on his behalf, made consistent payments for the support and maintenance of the child; that attached hereto and marked Exhibit A are copies of the checks from September, 1990, until the date of the trial of this action representing payments made to the Plaintiff for the support and maintenance of the minor child.

. . .

10. That while the Plaintiff testified that she received no monies from the Defendant for child support from the date of separation until the date of this trial, the Court finds as a fact that there was [sic] systematic and adequate payments made which were for the use and benefit of the minor child during the entire period.

The court concluded "[t]hat adequate child support payments were made from the date of separation until the date of the trial" and that "[d]efendant does not owe any sums for arrearage for child support." Therefore, the court ordered that plaintiff "recover nothing from the Defendant in this cause."

There are two issues raised which are dispositive of this appeal: (1) Whether the trial court may modify a child support order so as to relieve defendant of any obligation to pay accrued arrearages due under the order, and (2) whether the trial court may allow defendant father credit for child support payments made to plaintiff by defendant's mother on behalf of defendant.

Plaintiff brought an action pursuant to URESA to collect child support arrearages that have accrued under a Georgia order. This order is entitled to full faith and credit to the extent it represents past due child support payments which are vested. North Carolina General Statutes § 50-13.10(b) (1987). Thus, this Court is required to enforce that order to the extent the accrued arrearages are not subject to modification by the courts of Georgia. *Fleming v. Fleming*, 49 N.C. App. 345, 271 S.E.2d 584 (1980); 42 U.S.C.A. § 666(a)(9)(c) (Cum. Supp. 1994) (requiring all states to give full faith and credit to child support orders of other states to the extent payments are vested).

Under Ga. Code Ann. § 19-6-19(a), an order for child support can only be modified by a petition filed "by either former spouse showing a change in the income and financial status of either former spouse or in the needs of the child[.]" Ga. Code Ann. § 19-6-19(a) (Cum. Supp. 1993). Because retroactive modification of a child support order would "vitiate the finality of the judgment obtained as to each past due installment," a trial court may not retroactively modify a child support obligation. *Hendrix v. Stone*, 261 Ga. 874, 875, 412 S.E.2d 536, 538 (1992). *See also Donaldson v. Donaldson*, 262 Ga. 231, 416 S.E.2d 514 (1992); *Butterworth v. Butterworth*, 228 Ga. 277, 185 S.E.2d 59 (1971); *accord* North Carolina General Statutes

§ 50-13.10(a),(b)(1987) (past due child support is vested when it accrues and is subject to divestment only as provided by law and only if written motion is filed and due notice is given to all parties before payment is due).

[1] In this case, the child support arrearages due to plaintiff accrued prior to the filing of this action. Because (1) there is no evidence that defendant petitioned for a modification of the child support order pursuant to Ga. Code Ann. § 19-6-19(a), and (2) an order modifying the child support order can operate only prospectively, the trial court erred in modifying the Georgia support order by forgiving defendant for the accrued arrearages.

[2] We must now consider whether the trial court erred in giving defendant credit for support payments made on behalf of defendant by defendant's mother.

If the rendering court has not reduced the arrearage to judgment or determined the amount of the arrearage, the responding court has the authority to determine the amount of the arrearage due under the out-of-state child support order. The responding court should take into account any payments that the obligor can prove were made under the order. The law of the rendering state, however, governs the issue of whether the obligor is entitled to credit for any child support payments allegedly made to the obligee directly and contrary to the provisions of the order requiring payment through the clerk or a child support agency. *See* John L. Saxon, *Enforcement and Modification of Out-of-State Child Support Orders*, Special Series No. 13, Institute of Government (1994) (citing Margaret C. Haynes, *Interstate Child Support Remedies* 104 (Margaret C. Haynes and G. Diane Dodson eds., 1989) ).

A defense based on the payment of arrearage is different from the issue of the court's authority to retroactively modify or reduce a vested child support arrearage. Retroactive modification involves the attempt to reduce an undisputed, unpaid arrearage that has accrued under the order; the defense of payment is a challenge to the amount of money that actually remains unpaid under the order considering any credits to be applied. *Id.*

While the general rule in the state of Georgia is that the prohibition on retroactive application seems to preclude the allowance of "credit" for payments previously made, the Georgia courts have recognized equitable exceptions to this rule. In *Daniel v. Daniel,* 239 Ga.

466, 238 S.E.2d 108 (1978), the Court recognized an equitable exception "where the father had in fact provided child support and failure to allow him credit for such support would require double payment." *Skinner v. Skinner*, 252 Ga. 512, 513, 314 S.E.2d 897, 899 (1984). In *Daniel*, pursuant to a child custody agreement, the father was to pay $117 per month to the mother during the months of September to May when the mother had custody of the children, but not during the months of June through August when the father had custody of the children. The year after the husband and wife divorced, the children remained with their father from September to February because the mother went back to school. The father made no child support payments during those months and the mother later sued for those child support payments. Rejecting the mother's contentions, the Court opined:

> [W]hile we recognized [in *Daniel*] that a father is not entitled to modify the terms of the decree without the sanction of the court, we also recognized that this rule is inequitable in some situations where the father in fact has provided child support. Thus, credit for the father's voluntary expenditures consented to by the mother as alternatives to child support, or excusal for nonpayment of support obligations where the mother has requested that the father have custody of the children and he supported them during such period, may be appropriate so that the father is not required to pay child support twice when there is no resulting unfairness to the mother or children. In *Daniel*, however, it was stressed that such an equitable ruling required an "unusual combination of facts[.]"

*Skinner*, 252 Ga. at 514, 314 S.E.2d at 900. Footnote one in *Skinner* makes reference to other cases analogous to *Daniel*; these cases "also involved situations where the father had paid child support or its equivalent and the mother was seeking to require the father to pay child support again." *Id. Reach v. Owens*, 260 Ga. 227, 228, 391 S.E.2d 922, 924 (1990) clarified this "unusual combination of facts" further:

> The rule set forth in Daniel applies only in those unusual cases when the parties have agreed to some modification of the divorce decree and equity requires that the noncustodial parent receive a "credit" for the support the parent should have provided under the decree. Daniel does not support the use of such a "credit" as a set-off against future child support, alimony, or property division payments.

*See also Brown v. Dept. of Human Resources,* 263 Ga. 53, 428 S.E.2d 81 (1993).

In the case *sub judice,* we first examine the checks made payable to plaintiff. The evidence is undisputed that during the period of time the arrearages accrued, plaintiff willingly consented to and accepted these five child support payment checks totalling $1,150.00 made payable to her by defendant's mother on defendant's behalf. We further note defendant's mother was the sole provider of the child during the summer months plaintiff allowed the child to spend with her. Defendant was also aware of these various support payments his mother was providing on his behalf. We believe this undisputed evidence clearly indicates some agreed or understood modification of the court order by plaintiff mother and defendant. Therefore, as in *Daniel,* we believe an "unusual combination of facts" exists here and that equity requires that defendant should receive a "credit" on the arrearages for the $1,150.00 child support payments defendant's mother paid directly to plaintiff on defendant's behalf. Certainly, plaintiff should not reap the benefit of the grandmother's benevolence regarding the $1,150.00 support payments made directly to her, with her consent, and on behalf of defendant, when there is no resulting unfairness to plaintiff or the child.

Likewise, we believe defendant should also receive credit for the monies his mother paid as support in the form of utility bills. These payments totalling $69.01 were made by defendant's mother directly to various utility companies on behalf of plaintiff, as indicated in the record.

The evidence does not support the trial court's findings, however, that defendant "through his parents furnished adequate support for the minor child, which included . . . various cash payments" concluding "that adequate child support payments were made from the date of separation until the date of the trial of this cause for the use, benefit, and support of the minor child[.]" Defendant should not receive credit for payments defendant's mother made directly to the child. The evidence is undisputed that these checks were payable directly to the child because, in Mrs. Connolly's words, "[h]e takes a lot of pride in the checks being made out to him." Mrs. Connolly also testified that she "had money there for him in the bank that he can write checks for whatever he wants—needs—clothing and things." Further, when plaintiff was asked if she was able to use these checks for the child's benefit, she testified:

No I'm not . . . [b]ecause those are sent to my son, put in his checking account, and he signed them, he keeps up with them, every penny that he has, every penny. He knows exactly how much interest he gains and the only time that he spends any of that money is when he wants to buy Nintendo games or things of that nature. . . . The money goes for whatever he desires. He will not—he won't buy clothes. Most little boys don't want to spend their money on clothes. And it certainly doesn't go to his upkeep. None of it has gone to his upkeep at all; none; zero. It goes for whatever he wants. And that does not include clothes or food.

The evidence further shows that plaintiff borrowed money from her son's account which was established by his grandmother, and that she was paying her son back with interest. Because of this evidence concerning the minor child's control over this money, we find that defendant should not have received credit for these payments made to the minor child.

We further find defendant should not have received credit for the payments to Trust Company Bank or to medical providers. The evidence is undisputed that the payments to Trust Company Bank were payments for a car which, although driven by plaintiff, was titled in the names of Mrs. Connolly and defendant. As to credit for payments made to medical providers for the child, these are not permitted because these payments were defendant's responsibility under the terms of the divorce decree.

The trial judge was required to follow Georgia law in determining whether the court order could be modified with respect to the accrued arrearages, and as to whether to allow defendant credits against his past due child support. Thus, we conclude that the trial court erred in (1) modifying the court order by forgiving defendant for the accrued arrearages, and (2) not giving defendant a "credit" of $1,219.01 on the accrued arrearages.

The judgment of the trial court is accordingly reversed. The case is remanded to the trial court for a determination of the arrearages due and payable pursuant to the Georgia order and for the court to give defendant credit of $1,219.01 on said arrearages.

Judgment is reversed and remanded.

Judge JOHN concurs.

· Judge GREENE concurs in separate opinion.

Judge GREENE concurring.

I write separately only to emphasize the difference between a retroactive modification of a child support order and a credit on a child support obligation. These differences apply not only in Georgia, but also in North Carolina. Retroactive modification of past due child support is prohibited. *See* N.C.G.S. § 50-13.10(a), (b) (1987). Credits on a court-ordered child support obligation are permitted if the obligor has substantially complied with the child support order. *See* Homer H. Clark, Jr., *The Law of Domestic Relations in the United States* § 17.3, at 748 (2d ed. 1988) [hereinafter *Clark*] (distinguishing between credits and modifications); *Goodson v. Goodson*, 32 N.C. App. 76, 81, 231 S.E.2d 178, 182 (1977) (credit on child support obligation permitted where "equitable considerations" exist). For example, payments made by a third party to the custodian may be credited against the support obligation. *Clark* at 748-49. For another example, when the obligor fails to make payments as ordered but makes payments directly to the child, no credit is allowed unless the custodial parent consents. *Clark* at 749; *see Pieper v. Pieper*, 108 N.C. App. 722, 730, 425 S.E.2d 435, 439 (1993). Furthermore, as for payments to third parties for expenses incurred on behalf of the child, credit is more likely if the expense is incurred "with the consent or at the request of the parent with custody." *Goodson*, 32 N.C. App. at 81, 231 S.E.2d at 182.