STATE OF NORTH CAROLINA ON BEHALF OF ANGELA R. BENFORD, PLAINTIFF v. LARRY D. BRYANT, DEFENDANT

No. COA10-433

(Filed 16 November 2010)

**Child Custody and Support— Uniform Interstate Family Support Act—child support arrears—vested support payments**

The trial court's order directing defendant to pay $2,966.00 in child support arrears under a Michigan judgment did not comply with the Uniform Interstate Family Support Act. As $4,860.00 in monthly support payments had accrued under the Michigan judgment and vested under Michigan law, the trial court was not free, consistent with full faith and credit, to find any other figure as defendant's debt under the Michigan judgment.

Appeal by plaintiff from order entered 30 November 2009 by Judge Jerry F. Waddell in Carteret County District Court. Heard in the Court of Appeals 27 October 2010.

*Attorney General Roy Cooper, by Special Deputy Attorney General Gerald K. Robbins, for the State.*

*No brief filed on behalf of defendant-appellee.*

HUNTER, Robert C., Judge.

The State of North Carolina, on behalf of Angela R. Benford, appeals from the trial court's order directing defendant Larry D. Bryant to pay $2,916.00 in child support arrears. Because we agree with the State's contention that the trial court impermissibly modified

Mr. Bryant's child support obligation retroactively, we reverse the court's order and remand for further proceedings.

## Facts

While living in Michigan, Ms. Benford (then Bryant) and Mr. Bryant separated in June 2004. The Michigan trial court entered a "Judgment of Divorce" on 4 January 2006 (the "Michigan judgment"), which, in addition to granting the parties a divorce, awarded custody of the couple's five children to Ms. Benford and ordered Mr. Bryant to pay child support in the amount of $486.00 per month. In an order entered 11 May 2007, the Michigan trial court awarded Mr. Bryant "parenting time" with his five children.

Although it is unclear when Ms. Benford and the children moved to North Carolina, she registered the Michigan judgment in Carteret County on 24 September 2007. After holding a hearing on 17 December 2007, the Carteret County District Court entered an order on 1 April 2008 confirming the registration of the Michigan judgment. The Carteret County Child Support Enforcement Agency moved to intervene in the matter, alleging that "since the entry of the [order confirming the registration of the Michigan judgment,] [Mr. Bryant] has become delinquent in his child support obligation and [Ms. Benford] is now in need of establishing arrears and setting a payment plan on the same[.]" After conducting a hearing on the State's motion and allegations, the trial court entered an order on 5 June 2008, permitting the State to intervene and ordering Mr. Bryant to pay $486.00 a month in child support beginning June 2008. The trial court's order, however, did not resolve "[t]he issue of arrears" and left the "issue [to] be recalendered for such determination in the future."

The matter was continued until 26 March 2009 when the trial court held an evidentiary hearing on "the issue of child support arrearages." In an order entered 30 November 2009, the trial court found that the Michigan judgment, which set Mr. Bryant's child support payments at $486.00 per month, "was duly registered in North Carolina for enforcement and/or modification"; that "[Mr. Bryant] ha[d] not filed any motion to modify the Michigan child support order"; that "[Mr. Bryant] testified he made no payments from September, 2007 until June, 2008, a period of ten (10) months or a total of $4,860.00"; and that "[Ms. Benford] testified she received no child support whatsoever for the ten month period 9/07-6/08." In the decretal portion of its order, the trial court set Mr. Bryant's arrearages at $2,916.00 and ordered him to "pay said sum by adding an additional

$100.00 per month to his existing child support obligation of $486.00, beginning with the April 2009 child support payment and continuing each month thereafter until fully paid." The State timely appealed to this Court.

## Discussion

In its only contention on appeal, the State argues that the trial court's order determining the amount of child support arrears owed by Mr. Bryant under the Michigan judgment "wholly contradicts the dictates" of the Uniform Interstate Family Support Act ("UIFSA"), N.C. Gen. Stat. §§ 52C-1-100 to -9-902 (2009). Whether the trial court complied with the procedures set out in UIFSA is a question of law reviewed de novo on appeal. *State ex rel. Johnson v. Eason*, —— N.C. App. ——, ——, 679 S.E.2d 151, 152 (2009); *State ex rel. Lively v. Berry*, 187 N.C. App. 459, 462, 653 S.E.2d 192, 194 (2007).

UIFSA, enacted in North Carolina in 1995, was "promulgated and intended to be used as [a] procedural mechanism[] for the establishment, modification, and enforcement of child and spousal support obligations." *Welsher v. Rager*, 127 N.C. App. 521, 524, 491 S.E.2d 661, 663 (1997); accord *New Hanover County ex rel. Mannthey v. Kilbourne*, .157 N.C. App. 239, 243, 578 S.E.2d 610, 613-14 (2003) ("Enacted by states as a mechanism to reduce the multiple, conflicting child support orders existing in numerous states, UIFSA creates a structure designed to provide for only one controlling support order at a time[.]"). UIFSA establishes a "one order system" in which "all states adopting UIFSA are required to recognize and enforce the same obligation consistently." *Welsher*, 127 N.C. App. at 525, 491 S.E.2d at 663. Accordingly, once a foreign support order is registered and confirmed by the courts of the responding state, as the Michigan judgment was here, "enforcement is compulsory." *Id.* at 526, 491 S.E.2d at 664; N.C. Gen. Stat. §§ 52C-6-603 and -6-607.

In enforcing a registered foreign support order, UIFSA authorizes the trial court to "[d]etermine the amount of any arrears, and specify a method of payment[.]" N.C. Gen. Stat. § 52C-3-305(b)(4); *accord State ex rel. George v. Bray*, 130 N.C. App. 552, 560, 503 S.E.2d 686, 692 (1998) ("Under G.S. 52C-3-305, the trial court in the responding state is authorized to determine the amount of arrears and the method of payment."). In calculating the amount of arrears, "[t]he court must . . . determine what arrearages have vested." *Kilbourne*, 157 N.C. App. at 245, 578 S.E.2d at 614. If the law of the state issuing the support order "provide[s] that the past-due child support amounts

are vested[,]" then the courts of the state in which the foreign support order is registered are required to "give full faith and credit to the other state's order and enforce the past-due support obligation." *Id.*, 578 S.E.2d at 615. *See Twaddell v. Anderson*, 136 N.C. App. 56, 66-67, 523 S.E.2d 710, 718 (1999) (holding full faith and credit clause requires North Carolina courts to enforce arrearages accruing under another state's child support order); *Transylvania County DSS v. Connolly*, 115 N.C. App. 34, 37, 443 S.E.2d 892, 894 (explaining that Georgia child support order was "entitled to full faith and credit to the extent it represents past due child support payments which are vested."), *disc. review denied*, 337 N.C. 806, 449 S.E.2d 758 (1994); *Fleming v. Fleming*, 49 N.C. App. 345, 349-50, 271 S.E.2d 584, 587 (1980) (concluding that "[a] decree for the future payment of . . . child support is, as to installments past due and unpaid, within the protection of the full faith and credit clause of the Constitution unless by the law of the state in which the decree was rendered" the amounts are not considered vested).

Michigan law provides that payments due under a support order vest when they accrue: "[A] support order that is part of a judgment or is an order in a domestic relations matter is a judgment on and after the date the support amount is due . . . , with the full force, effect, and attributes of a judgment of this state, and is not, on and after the date it is due, subject to retroactive modification." Mich. Comp. Laws § 552.603(2) (2009); *see also Fisher v. Fisher*, 276 Mich. App. 424, 428-29, 741 N.W.2d 68, 71 (2007) (explaining that "ramification[]" of Mich. Comp. Laws § 552.603 "is that a court may not retroactively modify an accumulated child support arrearage"). Consequently, the Michigan judgment at issue in this case is "entitled to full faith and credit and [is] conclusive as to amounts past due." *Fleming*, 49 N.C. App. at 350, 271 S.E.2d at 587.

As reflected in the trial court's findings, the Michigan judgment set Mr. Bryant's child support payments at $486.00 per month. Ms. Benford testified that she did not receive any payments from Mr. Bryant from September 2007 through June 2008. Mr. Bryant also testified that he did not make any payments during this 10-month period. The court found, based on the parties' testimony, that Mr. Bryant had failed to make 10 monthly payments, totaling $4,860.00. "[T]r[ying] to be . . . fair" to both parties, however, the court ordered Mr. Bryant to pay only the amount due for the six-month period starting after the registration of the Michigan judgment was confirmed in December 2007 until June 2008, totaling $2,916.00. This the court could not do.

As $4,860.00 in monthly support payments had accrued under the Michigan judgment and vested under Michigan law, "[t]he trial [court] was not free, consistent with full faith and credit, to find any other figure as [Mr. Bryant]'s debt under the [Michigan judgment]." *Id.* at 351, 271 S.E.2d at 587. *See also N.C. Dep't of Health & Human Services ex rel. Jones v. Jones*, 175 N.C. App. 158, 163, 623 S.E.2d 272, 276 (2005) ("Since the child support due under the 1994 Florida order vested when it became due, this State must give full faith and credit to the Florida order and enforce the past-due child support obligation."); *Connolly*, 115 N.C. App. at 38, 443 S.E.2d at 894 (holding that where child support arrearages could not be modified retroactively under Georgia law, "the trial court erred in modifying the Georgia support order by forgiving defendant for the accrued arrearages"). Accordingly, we reverse the trial court's order and remand for further proceedings consistent with this decision.

Reversed and remanded.

Judges CALABRIA and GEER concur.