*Robert H. Preston,* for appellee.

## 57837. CLARK v. CLARK et al.

McMurray, Presiding Judge.

This case involves a post judgment garnishment proceeding ensuing from a judgment as to child support in a divorce, alimony and child support case. The father as defendant was required to pay $25 per week per child for support for two minor children, "beginning as of July 1, 1972, and continuing . . . [until] each child shall reach its majority, becomes self-supporting, marries or dies."

In a petition filed February 14, 1973, the father requested a change of custody of the two minor children, ages 13 and 11 respectively, based upon their request to him to seek their custody, in which he alleged the mother was unfit and not the proper person for the custody of the minor children. Based upon the pleadings in this change of child custody proceeding a consent decree was entered on April 18, 1973 that it was the desire of the two children to live with the father and that "it would be to the best interest of the said minor child if permanent custody is placed in the father . . . subject to reasonable visitation rights by the . . . [mother]." This consent order was subsequently amended to specify the visitation time and place as "[e]very First and Third Weekends from 6:00 o'clock P.M. Friday until 6:00 o'clock P.M. Sunday; and three weeks during the summer, said three weeks to be selected by the defendant [mother] . . ."

The mother as plaintiff brought this garnishment proceeding naming the father as defendant, contending he is indebted to her in the sum of $4,350 naming Ford Motor Company Automotive Assembly Division as the garnishee. However, we are not concerned with the garnishee in this case.

The defendant traversed the garnishment, contending among other things that the allegations of plaintiff's affidavit for garnishment are untrue. He contended he is not indebted to plaintiff in any amount whatsoever. The only obligation he has to the plaintiff

was for child support for two minor children and that this obligation was terminated by the permanent change in custody in the decree of April 18, 1973. Based upon Code Ann. § 46-403 (Ga. L. 1976, pp. 1608, 1617), the issue raised by the defendant attacks the amount claimed as due.

This issue came on for hearing before the court on January 12, 1979, in which the defendant testified as to his marriage, divorce, the judgment for child support as shown above and the subsequent changing of custody to him with the admission in evidence of certified copies of said proceedings. The defendant testified that during the period between the divorce and the time custody was awarded to him that he had paid all child support that was due and he had continued to pay child support to plaintiff after he was awarded custody of the children, "after they left my home." Further questions clarified that after 1973 the children did not continue to live with him entirely. He further stated that as long as the children were staying with their mother "I sent the checks to them. After that, when they stayed with their half-brothers and/or their grandmother, I sent the checks to the children at that address." He further testified that the oldest child has been married since August 4, "two and a half years ago." On cross examination as to the exact amount he had paid to the plaintiff objection was made by defendant's counsel that such a question was not relevant following the change of custody to the defendant father in which counsel contended the order of support terminated. The trial court then expressed the opinion that the decree ordering support of $25 to each child had not been terminated by this order. Whereupon counsel for plaintiff moved for dismissal of the traverse which was sustained by the trial court. The order of dismissal stated that the traverse was dismissed on the grounds that the final judgment (divorce decree) of the court, "has not been modified." Defendant appeals. *Held:*

1. Generally, under a divorce decree providing for child support, payments must be continued by the father even though the child was not living in the household of the mother where the child has not reached its majority, become self-supporting, marries or dies, which would

cause the payments to cease. See *Taylor v. Taylor,* 216 Ga. 767, 769 (2) (119 SE2d 571); *May v. May,* 229 Ga. 832 (195 SE2d 7); *Thomas v. Thomas,* 236 Ga. 311 (223 SE2d 691); *Arnold v. Arnold,* 236 Ga. 594, 595 (225 SE2d 30). Hence, a father is not entitled to credit toward support payments required for minor children if he makes additional voluntary payments for their support and maintenance. *Wills v. Glunts,* 222 Ga. 647, 649 (151 SE2d 760).

2. However, our Supreme Court has held that there are exceptions to this rule as to payments of support to others in that a father may be given credit as equity would so dictate under the particular circumstances involved, that is, provided such allowance did not do an injustice to the mother where the mother has consented to the father's voluntary expenditures as an alternative to his child support obligation or where he has been in substantial compliance with the spirit and intent of the support decree. See *Daniel v. Daniel,* 239 Ga. 466, 468 (238 SE2d 108); *Farmer v. Farmer,* 147 Ga. App. 387, 391 (249 SE2d 106).

3. Counsel for the parties and the trial court seemingly have attempted to simplify the issue here and to obtain a determination by appellate review that an order to pay child support would cease with a change of custody decree even though that order did not specifically state the prior order of support terminated. This question alone does not authorize the dismissal of the traverse here. In accordance with Code Ann. § 46-403, supra, the amount claimed due was disputed as shown by the testimony of payment to the plaintiff of various payments, the reduction of support by the marriage of the older child, and payment to others for the support of the minor children. Accordingly, the judgment is reversed for further inquiry into the circumstances as to whether or not any amount is owed on the judgment in favor of the plaintiff. It appears that payments are not due by reason of the marriage of the older child. Payments to the plaintiff mother have not been shown to be insufficient. Payment by the father to others for child support and maintenance in accordance with the various Supreme Court decisions are also involved with reference to whether or not it would be inequitable to require the

defendant to pay again for maintenance and support of the children if the mother has implicitly consented to such payments.

4. The constitutional questions raised for the first time on appeal cannot be considered with reference to the result of Orr v. Orr, —— U. S. —— (99 SC 1102, 59 LE2d 306) (1979). See *Edwards v. City of Albany,* 136 Ga. App. 488, 489 (1) (221 SE2d 681) and cases cited.

5. The above rulings render it unnecessary for this court to consider each and every enumeration of error inasmuch as the amount of the child support due has not been determined. The amount of the judgment past due has not been decided inasmuch as the defendant has denied any amount as being due under the circumstances.

*Judgment reversed. Banke and Underwood, JJ., concur.*

ARGUED MAY 3, 1979 — DECIDED JULY 6, 1979.

*King & Dotson, Larry King,* for appellant.
*Sam Johnson,* for appellees.