## 65027. REYNOLDS v. LIPOMA.

McMurray, Presiding Judge.

This case involves a post judgment garnishment proceeding resulting from a judgment in a child support case.

The mother, as plaintiff, brought this garnishment proceeding naming the father as defendant, contending he is $400 in arrears with reference to one child. We are not here concerned with the garnishee but are only concerned with the allowance of the child to reside with the father for four months during which time he furnished all the support and maintenance for said child.

The defendant traversed the garnishment, contending he did not owe any money to the plaintiff, that is, "plaintiff's affidavit . . . is untrue and legally insufficient."

A hearing was held and the trial court made findings of fact and conclusions of law, that is, that the defendant had not made the $400 in monthly payments ($100 each month) of child support required by the terms of the final judgment and decree of divorce by and between the parties and concluded as a matter of law this amount was due, denying and dismissing the defendant's traverse. *Held:*

This case is somewhat similar to *Clark v. Clark,* 150 Ga. App. 602 (258 SE2d 282), in which the amount claimed due was disputed and particularly with reference to the various appellate court decisions as to whether or not it would be equitable to require the defendant to pay again for maintenance and support of the child "if the mother has implicitly consented to such payments." See Div. 3, p. 605. See also in this connection *Daniel v. Daniel,* 239 Ga. 466, 469 (238 SE2d 108), with reference to equitable exceptions to situations "where the mother has consented to the father's voluntary expenditures as an alternative to his child support obligation," and thereafter discontinued child support payments while he had the care and custody of the children and supported them "at the mother's request." The Supreme Court carefully distinguished these exceptions "from those instances where the father has made voluntary overpayments of the child support payments due and owing without request or consent by the mother." In the case sub judice it appears from the evidence that the child specifically requested permission from both parents to be allowed to stay with the father for the period in question and the father did, indeed, pay for the maintenance of this child during this period. Nevertheless, there

has been no court order or modification of the requirement to pay the support payments, and the mother in this instance has in no way waived the support payments for this period of time, there being no direct evidence that she voluntarily waived the payments but merely allowed the child to live with the father during this four month period in addition to the Christmas break at school between Christmas and New Year's. Further, the case of *Daniel v. Daniel,* 239 Ga. 466, 469, supra, involved a case in which summary judgment was granted, whereas the court in the case sub judice heard evidence and rendered judgment accordingly. In *Kelly v. Kelly,* 115 Ga. App. 700, 702 (155 SE2d 732), it is noted that the father had obtained custody of the child from the mother. Also in the recent case of *Clark v. Clark,* 150 Ga. App. 602, 604, supra, the trial court did not rule on the evidence but rendered judgment dismissing the traverse, and the case was reversed for further inquiries into the circumstances as to whether or not any amount was owed on the judgment in favor of the plaintiff. Under the cases cited in *Daniel v. Daniel,* 239 Ga. 466, 468, supra, the trial court did not err in rendering judgment for the plaintiff and in denying and dismissing the defendant's traverse.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED DECEMBER 3, 1982.

*Glen H. McQueen, Jr.,* for appellant.
*Thomas H. Knuth, L. A. Hanson,* for appellee.