## 39985. DAVIS v. DAVIS.

HILL, Chief Justice.

This appeal is from an order holding the father in wilful contempt of court for failing to pay child support. The trial court found the father to be $6,750 in arrears and ordered him incarcerated until this amount was paid. This court granted the father's application to appeal.

The husband and the wife were divorced in 1981. It was an uncontested action in which the parties first reached an oral agreement between themselves on alimony, custody, and the division of property. Their agreement was reduced to writing by two attorneys, one representing each party. In this agreement the wife would take the husband's one-half interest in a business in lieu of alimony and child support. The court rejected this agreement and refused to incorporate it into the final divorce decree.

A second settlement agreement was prepared by counsel for the

parties. In it the husband again agreed to transfer his one-half interest in the business to the wife and to pay $150 per month child support for each of the three children. This agreement was accepted by the court and incorporated into the final divorce decree. However, by a contemporaneous written agreement not submitted to the court, the parties agreed that the wife would pay the husband 3% of the profits from the business, not to exceed $450 per month, for a period of five years.

Thereafter, the parties agreed orally not to exchange $450 checks each month for their respective payments unless some offsetting was necessary. Consequently, neither party has made payments to the other.

In February 1983, the mother filed an application for contempt claiming that the father was $6,750 in arrears in child support payments, and the trial court found the father in wilful contempt of court. The father, now represented by different counsel, raises several enumerations of error.

1. The father contends that the trial court erred in holding him in wilful contempt of court in that no child support arrearage exists, because he had a valid defense to the contempt action, and because his failure to pay child support was not wilful. These contentions are based on the contemporaneous written agreement which was not submitted to the court and the subsequent oral agreement that $450 checks would not be exchanged each month. We disagree.

The parties first submitted to the court an agreement which provided that the mother would receive the father's half interest in a business, and that the father would owe no child support. This proposal was rejected by the court, as the court was fully authorized to do. *Amos v. Amos,* 212 Ga. 670 (2) (95 SE2d 5) (1956).

The parties then submitted to the court a second agreement which provided that the father would pay child support. This agreement was approved by the court. However, by contemporaneous written agreement augmented by a subsequent oral agreement, the parties negated the father's obligation to pay that child support which the court had required and which the parties had represented to the court had been agreed upon and would be paid for support of the children.

The trial court did not err in rejecting the father's contempt of court defense based upon these out-of-court agreements. For us to hold otherwise would destroy the power of our courts to reject inadequate, overreaching, unconscionable or otherwise invalid alimony and child custody settlement agreements.

The agreement approved by the court and incorporated into the divorce decree provided that the father would pay $150 per month

per child as child support. Those payments have not been made. The trial court did not err in finding an arrearage of $6,750, in finding that the father had no valid defense for nonpayment based upon out-of-court agreements, and in finding that the father's failure to pay was wilful.

2. The father also contends that he should not be held in contempt of court for nonpayment of child support because the three children resided with him for one-half of 1982, and since the beginning of 1983, and he has undertaken the responsibilities of a full-time custodial parent during this time. The father contends that the reasoning of this court in *Daniel v. Daniel,* 239 Ga. 466 (238 SE2d 108) (1977), should be applied to the facts of his case. We do not agree.

*Daniel* did not involve a contemporaneous agreement not disclosed to the court. And in *Daniel* we said (239 Ga. at 469): "We note in passing that the holding in this case is limited to the unusual combination of facts we had to consider. We are by no means authorizing blanket modification of divorce decrees by private agreement. Under normal circumstances, Code Ann. § 30-220 provides the proper method by which child support provisions of a divorce decree may be revised or modified."

The remaining enumerations of error are without merit.
*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 7, 1983.

*Hartley, Rowe & Fowler, G. Michael Hartley, Martha Mullins,* for appellant.
*William G. Posey,* for appellee.