## 67083. COLEY v. COLEY.

SHULMAN, Presiding Judge.
This appeal is from the dismissal of appellant's traverse to a garnishment action brought by his ex-wife for an alleged arrearage in child support payments. It is undisputed that a 1973 final judgment and decree of divorce provided that appellant pay appellee $40 per week for the support of their two sons ($20 for each son) until the children became 18 years old, married, or became self-supporting. Appellant apparently adhered to that decree until July 1979 when

one of his sons began living with him in order to attend a nearby school which offered special classes for "slow learners." Although appellant never sought a formal modification of the initial support agreement, he totally supported the child who resided with him and continued to pay appellee $20 a week for the support of the son who remained with her. The exact duration of this arrangement is unclear, but it appears that it continued for approximately four years. After the child resumed living with appellee, she filed a garnishment action to recover the payments appellant had failed to make while the child was living with him. Appellant subsequently filed a traverse to the garnishment action.

In this non-jury proceeding, the trial judge found that appellant owed $4,160 in back child support and that appellee could collect that amount via garnishment. Appellant enumerates as error the trial court's refusal to hear evidence concerning the child's physical presence with appellant, the circumstances surrounding such presence, and evidence regarding the financial support provided by appellant on behalf of the child. Appellant also contends that the trial court erred in failing to make adequate findings of fact and conclusions of law and in denying appellant's traverse to appellee's garnishment action.

1. It is well settled that parties to a divorce decree cannot by private agreement modify the terms of that decree. *Meredith v. Meredith,* 238 Ga. 595 (1) (234 SE2d 510). However, the Supreme Court, in *Daniel v. Daniel,* 239 Ga. 466 (2) (238 SE2d 108), has recognized that a parent is entitled to credit for voluntary expenditures if "equity would so dictate under the particular circumstances involved . . . [including a situation] where he has discontinued child support payments while he had the care and custody of the [child] and supported [him] at the mother's request." Id., p. 468. The court expressly limited its holding in *Daniel* to the peculiar facts of that case and has recently held that the *Daniel* case is inapplicable when the custody change was pursuant to an informal agreement between the mother and father that was neither disclosed to nor ordered by the court. *Davis v. Davis,* 251 Ga. 391 (2) (306 SE2d 247). See also *Reynolds v. Lipoma,* 164 Ga. App. 626 (298 SE2d 310).

In light of the foregoing authority, it is apparent that the trial court did not err in limiting the admission of evidence pertaining to the informal change in custody agreement between the parties, since such evidence is irrelevant to the determination of the case. Accordingly, this enumeration is without merit.

2. Appellant also contends that the trial court failed to set forth adequate findings of fact and conclusions of law as required under OCGA § 9-11-52 (Code Ann. § 81A-152). " ' "[I]t is now firmly

established that findings of fact and conclusions of law required by [OCGA § 9-11-52 (a) (Code Ann. § 81A-152)] are mandatory; that the facts must be found specially; and that conclusions of law must be stated separately, regardless of whether the order otherwise is sufficient for purposes of review." ' CPA § 52 (a) is applicable to the State Court of DeKalb County. [Cits.]" *Wojcik Constr. Co. v. Schell's Concrete Co.,* 153 Ga. App. 793 (266 SE2d 569). These findings and conclusions are not intended to amount to a brief of the evidence, and they need only *address the issues necessary to the disposition of the case* and upon which the judgment was entered. *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154). Additionally, the trial court should not only state its final conclusion, but should outline the process by which it was reached. *C & H Couriers v. American Mut. Ins. Co.,* 166 Ga. App. 853 (1) (305 SE2d 500).

In the present case, the order states only that the court has found that appellant had paid appellee $1,000 more than she had given him credit for, that the correct amount of appellant's arrearage was $4,160, and that appellee could collect this amount via garnishment. Nowhere in the order does the trial court address the question of the legal sufficiency or the truthfulness of appellee's affidavit nor does the trial court state any facts or conclusions of law that support the dismissal of appellant's traverse. Since these were issues that were "necessary to the disposition of the case," the trial court erred by not including them in its order. Consequently, before we can consider the merits of the denial of appellant's traverse, we must remand this case "with direction that the trial judge vacate the judgment, prepare, or cause to be prepared, appropriate findings of fact and conclusions of law, and enter a new judgment thereon, after which the losing party shall be free to enter another appeal if he should wish to do so." *Spivey v. Mayson,* supra, p. 777. *Bob Bennett Enterprises v. Trust Co. Bank,* 153 Ga. App. 344 (265 SE2d 311).

*Case remanded with direction. McMurray, C. J., and Birdsong, J., concur.*

DECIDED JANUARY 4, 1984.

*Janice S. Tanner,* for appellant.
*Daniel J. Sammons,* for appellee.