43924. HAGAN v. McCOOK.
(353 SE2d 197)

HUNT, Justice.

We granted Patricia Hagan's application to appeal the judgment of the Randolph Superior Court crediting her ex-husband, Thomas McCook, in a contempt action, with eleven weeks of unpaid child support and we reverse. These payments of $60 each accrued during the summers of 1984 and 1985 when the 14-year-old son of the parties lived and worked with the father on his farm. Although the mother agreed with this arrangement and in fact encouraged the child to spend this time with the father, she declined to enter a formal modification of custody and support and retained primary custody.[1]

While McCook contends that he complied with the spirit of their divorce decree since he in fact supported the child, this case does not fall into that narrow class of cases excepting the general rule that the parties cannot by their own agreement modify a divorce decree. Eg., *Daniel v. Daniel,* 239 Ga. 466 (238 SE2d 108) (1977) (joint custody); *Frazier v. Rainey,* 227 Ga. 350 (180 SE2d 725) (1971) (paid for support items for child directly at mother's request). We have long held that voluntary contributions to support may not be credited against arrearages. *Flesch v. Flesch,* 222 Ga. 513 (150 SE2d 619) (1966). Accordingly, the trial court erred in crediting the husband with these missed child support payments. *Swain v. Wells,* 210 Ga. 394, 399 (80

---

[1] There is no transcript of the proceedings, but the trial court in its order excused the father for these payments because the child was at least fourteen and was living and working with the father and receiving support directly from him. Attached to the father's brief is his attorney's letter to Mrs. Hagan in 1984, requesting that she consent in writing to a modification to be filed in court, relieving McCook of the payments. She did not so consent, and no such modification was accomplished.

SE2d 321) (1954); *Meredith v. Meredith*, 238 Ga. 595 (1) (234 SE2d 510) (1977). We remand to the trial court the issue of whether his determination that the husband was not in contempt should be changed in view of our holding.

*Judgment reversed and remanded. All the Justices concur.*

Decided February 27, 1987.

*Collier & Bishop, Charles R. Hunt,* for appellant.
*Bowles & Bowles, Jesse G. Bowles,* for appellee.