### A92A0669. DEPARTMENT OF HUMAN RESOURCES v. MORTON.
(420 SE2d 89)

CARLEY, Presiding Judge.

When appellee Daniel A. Morton was divorced from Ouida Morton, permanent custody of a child born during the marriage was awarded to Ms. Morton and appellee was ordered to pay child support. Thereafter, appellee failed to meet his child support obligations under the divorce decree and Ms. Morton sought and received public assistance from appellant Department of Human Resources (DHR). Pursuant to OCGA § 19-11-19 (g), DHR issued a withhold-and-deliver order to appellee's employer and obtained some $7,590 in partial satisfaction of appellee's arrearages in his child support obligations. Appellee then initiated the instant paternity proceeding pursuant to OCGA § 19-7-40 et seq. Ms. Morton was served, but she did not appear at the hearing. After the hearing, the trial court found that appellee was not the father of the child and it further ordered that DHR repay the $7,590 to appellee. DHR moved to set aside the order that it repay appellee. When the trial court denied DHR's motion, DHR successfully applied to this court for a discretionary appeal.

There is serious doubt whether, in the context of the instant paternity action, the trial court was even authorized to address the issue of appellee's child support obligations. Appellee's duty to support was in no way dependent upon any affirmative finding under OCGA § 19-7-49 (a) that he was the father of the child. His duty to support the child had already been established by the pre-existing divorce decree. OCGA § 19-7-49 (b) provides that, "[o]n a finding that the alleged father is not the father of the child, the court shall issue an order declaring this finding." However, there is no specific statutory authorization for the trial court to make any *other* ruling upon a finding of non-paternity. OCGA § 19-7-51 does provide that "[t]he decree or order may contain any other provisions concerning the duty to support the child by periodic or lump sum payments, visitation privileges with the child, or *any other matter in the best interest of the child.*" (Emphasis supplied.) Where a duty to support is dependent upon an affirmative finding of paternity under OCGA § 19-7-49 (a), it is clearly in the best interest of the child for the trial court to address the issue of future child support. It seems equally clear, however, that ending a previously established duty to support or ordering a retroactive rescission of previously awarded child support may be in the best inter-

est of the putative father who has proven his non-paternity, but it is hardly in the best interest of the child. Thus, the additional authority to address the issue of child support obligations that is conferred upon the trial court by OCGA § 19-7-51 would seemingly extend only to the case wherein paternity has been initially *established* pursuant to OCGA § 19-7-49 (a), not to the case wherein paternity has been *disproven* pursuant to OCGA § 19-7-49 (b).

Moreover, appellee's duty to support the child was established pursuant to the pre-existing divorce decree and OCGA § 19-6-26 (a) provides that, so long as appellee remains in or is domiciled in this state, the "exclusive procedure" for modifying his child support obligations "shall be by a proceeding instituted for such purposes in the superior court of the county in which venue is proper." If OCGA § 19-6-26 (a) constitutes the "exclusive procedure" for modifying appellee's pre-existing child support obligations, a trial court would *not* be authorized under OCGA § 19-7-51 to end appellee's child support obligations and order a retroactive rescission of support previously awarded to the child.

In any event, even if the trial court had any authority to address the issue of appellee's child support obligations, it is clear that that authority would not extend to ordering that DHR repay such sums as appellee was previously obligated to pay as child support. DHR was never served and lacks the status of a party to the paternity proceedings initiated by appellee. Accordingly, the trial court had no jurisdiction over DHR and erred in failing to set aside its order that DHR repay appellee. See generally *Adair Realty Co. v. Parrish*, 192 Ga. App. 681 (385 SE2d 770) (1989).

*Judgment reversed. Pope and Johnson, JJ., concur.*

DECIDED JUNE 23, 1992.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General,* for appellant.

*Marva B. Simpson,* for appellee.