## S93A0010. BROWN v. GEORGIA DEPARTMENT OF HUMAN RESOURCES.

(428 SE2d 81)

Fletcher, Justice.

The Browns were divorced in Virginia in 1979. The agreement of the parties, which was incorporated into the trial court's final decree, provided that Mrs. Brown (appellee) would have legal custody of the minor child of the parties and that Mr. Brown (appellant) would pay $150 per month in child support. Appellant is in the armed services and, while he was stationed in Germany, the parties agreed that their minor child would live with appellant for several years. Although the parties did not obtain a formal modification of their divorce decree, their minor child lived with appellant from June 23, 1985 until July of 1988 and, during that period of time, appellant did not pay any child support to appellee on behalf of the child.

In July of 1991, the Georgia Department of Human Resources (DHR) pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), OCGA § 19-11-40 et seq., filed a petition for support on behalf of appellee seeking a modification of child support and payment of various arrearages in child support, including the support that was not paid from June 23, 1985 to July 1988. Following a hearing, the trial court entered an order in which it found, among other things, that: appellee consented and agreed to the child living in Germany with appellant on a full-time basis for the three years in question; during that three-year period, appellant "totally supported the child by providing for all of her expenses and her shelter"; during

that same period, appellee "did not provide any support for the child"; and not until July 1991 did appellee seek any child support for that three-year period. In spite of those findings, the trial court went on to hold that:

> Unfortunately, this Court is bound by *Hagan v. McCook*, 256 Ga. 712 [(353 SE2d 197)] (1987)[,] and must find that even though the Defendant provided full support for the child while she resided with him for this three-year period, because there was no Order modifying custody or child support, as a matter of law the Defendant is in arrears in the amount of $5,400.00 for this period.

It is from the above referenced portion of the trial court's order that appellant sought leave to appeal. While actions for child support brought pursuant to URESA are normally within the jurisdiction of the Court of Appeals, accord *O'Quinn v. O'Quinn*, 217 Ga. 431 (122 SE2d 925) (1961), we granted appellant's application in the present case to address confusion from the bench and bar concerning the distinction between *Hagan*, supra, and *Daniel v. Daniel*, 239 Ga. 466 (238 SE2d 108) (1977). For the reasons set forth below, we reverse that portion of the order which deals with the three years the child spent in Germany.

1. In *Daniel*, supra, we discussed the fact that the general rule concerning the right of a payor of child support to credit in child support arrearages is that, as a matter of law, the payor is not entitled "to credit for voluntary expenditures." *Daniel*, 239 Ga. at 468. We went on, however, to note that there is a widely accepted exception to the general rule, which exception provides that the child support payor:

> may be given credit if equity would so dictate under the particular circumstances involved, provided that such an allowance would not do an injustice to the [child support payee].

*Daniel*, supra.

Two examples of factual situations that would fall within the equitable exception were discussed: payee consents to payor's voluntary expenditures as an alternative to payor's child support obligation; and payor has substantially complied with the spirit and intent of the divorce decree by discontinuing child support payments while payor has the care and custody of the children and supported the children at the payee's request. *Daniel*, supra. Two examples of factual situations that would not fall within the equitable exception were also discussed: payor "has made voluntary overpayments of the child support due and owing without request or consent by the [payee;]" and "an agree-

ment was made between the parties post-judgment to allow a reduction in child support but . . . [payee] retained custody of the children." *Daniel*, supra.

The factual situation presented in *Daniel* fell within the equitable exception because the payor of child support substantially complied with the spirit and intent of the divorce decree involved in that case when the payor discontinued child support payments while he had the care and custody of the children and supported them at the payee's request. However, the factual situation presented in *Hagan* did not fall within the equitable exception because the payor made voluntary overpayments of child support without the request or consent of the payee. In fact, the payee in *Hagan* specifically refused the payor's request that she consent to a formal modification of the divorce decree as to child custody and support. *Hagan*, supra.

2. Unlike the factual situation in *Hagan*, the factual situation presented in the present case does fall within the equitable exception we enunciated in *Daniel*. Appellee consented to allowing the minor child of the parties to live with appellant in Germany for a three-year period; appellee did not provide any support for the child during that three-year period; appellant provided all of the support for the child during that period; not until three years after the child had returned from Germany did appellee seek to recover any child support for the time the child spent in Germany. Under those circumstances, appellee can be said to have consented to appellant's voluntary expenditures as an alternative to his child support obligation.

As a result, the trial court erred in concluding that appellant was in arrears in the payment of child support for the three-year period at issue. By way of conclusion, we note, as we did in *Daniel*, that the equitable exception set forth in *Daniel* is very fact sensitive and:

We are by no means authorizing blanket modification of divorce decrees by private agreement. Under normal circumstances, [OCGA §§ 19-6-18 and 19-6-19 provide] the proper method by which child support provisions of a divorce decree may be revised or modified.

*Daniel*, 239 Ga. at 469.

*Judgment reversed in part. All the Justices concur.*

DECIDED APRIL 12, 1993.

*Judith M. Heck*, for appellant.

*Spencer Lawton, Jr.*, District Attorney, *M. Carl Branham*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Wil-*

*liam C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General,* for appellee.