A95A2314. DAVIS et al. v. DAVIS.
(470 SE2d 268)

POPE, Presiding Judge.

Appellant Kenneth Davis and appellee Elizabeth Davis were married in 1978 and divorced in 1991. The parties continued to live in the same household for the next two and one-half years, during which time they shared household expenses. However, Kenneth did not pay child support in accordance with the final judgment and divorce decree during this period.

Kenneth moved out of the household in April 1994, and Elizabeth filed this garnishment action in the State Court of DeKalb County[1] seeking collection of approximately $15,000 in unpaid child support. The garnishee, the Federal Employees Credit Union, paid $11,425.69 into the court registry, and Kenneth Davis[2] filed a traverse to the garnishment. At the hearing on the traverse, Kenneth argued he should be given credit for the monies he contributed during the period the parties continued to reside in the same household, and that he should also be given credit for child care services he provided for the children while Elizabeth worked and attended school. The state court dismissed the traverse on the grounds that it had no authority to modify the terms of the final judgment and divorce decree and that the garnishment was otherwise proper. We granted Ken-

---

[1] Elizabeth Davis first initiated contempt proceedings through the Georgia Department of Human Resources to collect the unpaid child support, but that action was dismissed at her request prior to the filing of this garnishment action.

[2] Kenneth Davis's new wife, Mary Rippstine Davis, also traversed the garnishment, contending that money she deposited into the garnished account prior to her marriage to Kenneth should not be subject to garnishment for Kenneth's child support obligations. She is not a party to this appeal.

neth's application for discretionary appeal, and this appeal followed.

The state court did not err by dismissing the traverse. That court had no authority to modify the child support provisions of the final judgment and divorce decree; such a modification must be accomplished by the filing of a petition in superior court pursuant to OCGA § 19-6-18 or § 19-6-19. See, e.g., *Daniel v. Daniel*, 239 Ga. 466, 467 (2), 469 (238 SE2d 108) (1977). Although our Supreme Court has held that under unusual and exceptional circumstances equity considerations may dictate that the child support payor be given credit for expenditures made on the child's behalf, those cases would not apply here because the state court lacks equity jurisdiction. Ga. Const., Art. VI, Sec. IV, Par. I. Cf. *Brown v. Dept. of Human Resources*, 263 Ga. 53, 54-55 (428 SE2d 81) (1993); *Daniel*, 239 Ga. at 468 (2). It follows that our previous opinions in *Bautz v. Best*, 170 Ga. App. 219, 221 (2) (316 SE2d 589) (1984); *Jennings v. Messman*, 157 Ga. App. 35 (276 SE2d 259) (1981), and *Clark v. Clark*, 150 Ga. App. 602 (258 SE2d 282) (1979), which countenanced the use of this equitable exception by state courts in garnishment cases, were wrongly decided, and should now be overruled.

*Judgment affirmed. Beasley, C. J., McMurray, P. J., Birdsong, P. J., Andrews, Johnson and Smith, JJ., concur. Blackburn and Ruffin, JJ., concur in judgment only.*

DECIDED MARCH 15, 1996.

*Larry R. Wight*, for appellants.
*Macklyn A. Smith*, for appellee.