A96A1218. TWINEHAM v. DANIEL et al.
(476 SE2d 814)

RUFFIN, Judge.

We granted this discretionary appeal to review the trial court's order granting Gary Daniel's traverse to the garnishment action filed by his ex-wife, Barbara Twineham, for alleged arrearages in child support payments. In its order, the trial court reduced Daniel's monthly child support obligation. Twineham appeals, and for reasons which follow, we reverse.

In 1993, Twineham divorced Daniel, and the court awarded custody of the couple's two daughters to Twineham. The decree required Daniel to pay Twineham $1,300 per month in child support until the children reached 18, married, died or became fully emancipated. In addition, the decree provided that when Daniel's obligation terminated as to the first minor child, Daniel's obligation was reduced to $1,000 per month.

The older child, age 17, moved to Daniel's residence in February 1995. According to the record, Daniel began reducing his child support payments beginning February 1, 1995. From February 1995 through May 1995, Daniel paid only $500 each month, and from June 1995 through August 1995, Daniel paid $635 each month. Aside from the trial court's order on the traverse, the record contains no order modifying Daniel's child support obligations.

Twineham filed a garnishment proceeding against ReMax of Fayette, Inc. to collect the difference in the payments made by Daniel and the amounts due pursuant to the underlying child support judgment. Daniel traversed, claiming he was not obligated to pay Twineham support for the child residing with him. The trial court granted Daniel's traverse in part and ruled that Daniel owed Twineham only $750 per month in child support for the second child. Based on this figure, the trial court entered judgment for $645, representing the difference between Daniel's payments from February 1995 and the $750 per month that the court ruled he owed.

1. In this appeal, Twineham contends the trial court erred in

interpreting the original child support judgment contrary to OCGA § 19-6-15 and in modifying Daniel's child support obligation in a garnishment action rather than a petition to modify. We agree.

First, we note that the superior court had jurisdiction to give Daniel credit for voluntary expenditures necessitated by the move of the oldest child to his residence " 'if equity would so dictate under the particular circumstances involved, provided that such an allowance would not do an injustice to the (child support payee).' [Cit.]" *Brown v. Dept. of Human Resources*, 263 Ga. 53, 54 (1) (428 SE2d 81) (1993). Compare *Davis v. Davis*, 220 Ga. App. 745, 746 (470 SE2d 268) (1996) (the state court may not consider credit for voluntary expenditures since it lacks equity jurisdiction).

However, Daniel cites no case and we can locate no case permitting the trial court in this instance to reduce Daniel's child support obligation for the second child, who was not living with him, below the $1,000 amount decreed in the original judgment. "[S]uch a modification must be accomplished by the filing of a petition in superior court pursuant to OCGA § 19-6-18 or § 19-6-19. [Cit.]" Id. "OCGA § 19-6-26 (a) provides that, so long as [Daniel] remains in or is domiciled in this state, the 'exclusive procedure' for modifying his child support obligations 'shall be by a proceeding instituted for such purposes in the superior court of the county in which venue is proper.'" *Dept. of Human Resources v. Morton*, 204 Ga. App. 638, 639 (420 SE2d 89) (1992).

Thus, while principles of equity may well permit the superior court to give Daniel credit for expenditures made on behalf of the child who resided with him, the superior court erred in reducing Daniel's child support obligation for the second child, who was not living with him, below the $1,000 amount decreed in the original judgment.

Based on the foregoing, we conclude that the trial court erred in reducing Daniel's child support obligation in its garnishment order. Accordingly, we reverse the trial court's judgment.

2. Twineham's motion to strike Daniel's brief is denied, and her motion for extension of time to file a reply brief is deemed moot. Daniel's motion to strike Twineham's enumerations of error is also denied.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 1, 1996.

*Bovis, Kyle & Burch, Timothy J. Burson*, for appellant.
*Bischoff & White, James A. White, Jr., Albert B. Wallace, Stephen*

*B. Wallace II,* for appellees.