**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

September 19, 2025

# In the Court of Appeals of Georgia

A25A1502. DIXON v. MILLER.

FULLER, Senior Judge.

Brandi Nicole Dixon appeals from the trial court's ruling terminating a child support income deduction order previously entered against her ex-husband, Michael Leran Miller, and finding that Miller owed her no further child support arrearage. For the reasons that follow, we reverse the trial court's ruling and remand for further proceedings consistent with this opinion.

The facts are largely undisputed. Dixon and Miller divorced in 2007, and they are the parents of two adult children, a daughter and a son. When both children were

minors, Miller was ordered to pay Dixon child support pursuant to the divorce decree.[1]

At some point, Miller fell behind on his payments. In an order filed on May 18, 2023, in an action brought against Miller by the Georgia Department of Human Services, the court found that Miller was in arrears in the amount of $29,697.70. Although Miller was not ordered to pay any current child support pursuant to the May 18, 2023 order, he was ordered to pay $1,000 to purge himself of contempt and $300 per month towards the arrearage, and the court issued an income deduction order to that effect. Miller consented to the contempt order.

In April 2024, Miller filed a "complaint for termination of child support," in which he asserted that their younger son had lived with him since the age of 15 and asked the court to terminate his "child support obligation" and income deduction order. Dixon filed a motion to dismiss, asserting that the $300 per month went towards Miller's arrearage, not a current child support obligation.

---

[1] Neither the divorce decree nor any other order regarding Miller's child support obligation to Dixon under the divorce decree is included in the record on appeal.

The parties appeared for a hearing on the motion to dismiss in August 2024. Both Miller and their son testified. The evidence was undisputed that when the child was 15 years old, he moved in with Miller, Miller paid for all of the child's expenses thereafter, and Dixon provided almost no support. Miller also submitted a document indicating that he had paid Dixon over $20,000 in child support since the child began living with him. Following the hearing, the trial court entered an order terminating Miller's "child support obligation" for the now-adult children and finding that he owed Dixon "no further arrearage." Dixon thereafter filed an application for discretionary review, which this Court granted. This appeal follows.

This Court reviews a trial court's ruling on a petition to modify child support for abuse of discretion, and we will uphold the factual findings underlying the ruling if they are supported by any evidence. See *Gowins v. Gary*, 288 Ga. App. 409, 410 (654 SE2d 162) (2007). "But, if the trial court's judgment rests on an erroneous legal theory, we will not affirm." Id. (footnote omitted).

1. First, Dixon contends the trial court erred by not dismissing Miller's complaint because the May 18, 2023 order was res judicata as to the issue of Miller's child support arrearage.

Pursuant to OCGA § 9-12-40: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." Although res judicata is less strictly applied in child support cases, "[a] child support judgment cannot be modified retroactively." *Dept. of Human Resources v. Gould*, 222 Ga. App. 489, 490 (1) (474 SE2d 682) (1996).

Here, although Dixon asserted at the hearing that Miller's complaint was barred by res judicata,[2] the trial court did not explicitly rule on this issue. To the extent that the trial court implicitly ruled that res judicata did not bar Miller's action and permitted modification of the arrearage, it erred. See *Wynn v. Craven*, 301 Ga. 30, 32 (799 SE2d 172) (2017) ("A forgiveness or reduction of child support arrears constitutes an improper retroactive modification."); *Ga. Dept. of Human Resources v. Prater*, 278 Ga. App. 900, 902-903 (2) (630 SE2d 145) (2006) (holding that "an order modifying child support may operate only prospectively" and a trial court lacks the

---

[2] "Res judicata is an affirmative defense which must be established by the pleader." *Waggaman v. Franklin Life Ins. Co.*, 265 Ga. 565, 565 (1) (458 SE2d 826) (1995) (citation omitted); accord OCGA § 9-11-8 (c) (setting forth affirmative defenses).

authority to forgive or reduce past-due amounts owed under a valid child support order) (punctuation and footnote omitted). Accordingly, the trial court's order must be reversed.

2. In a related argument, Dixon contends the trial court erred in excusing Miller's non-payment of child support.

As a general rule, parties to a child support order cannot by private agreement modify the terms of the order. *Daniel v. Daniel*, 239 Ga. 466, 468 (2) (238 SE2d 108) (1977). And a parent generally is not entitled to a credit against child support obligations for "voluntary expenditures." See id. A child support payor may be given such credit, however, "if equity would so dictate under the particular circumstances involved, provided that such an allowance would not do an injustice to the [child support payee]." Id.; accord *Brown v. Ga. Dept. of Human Resources*, 263 Ga. 53, 54 (1) (428 SE2d 81) (1993). Circumstances giving rise to such a credit include, for example: (1) where "payee consents to payor's voluntary expenditures as an alternative to payor's child support obligation"; and (2) where "payor has substantially complied with the spirit and intent of the [child support order] by discontinuing child support payments while payor has the care and custody of the

children and supported the children at the payee's request." *Brown*, 263 Ga. at 54 (1); accord *Daniel*, 239 Ga. at 468 (2).

Dixon argues that Miller could not claim a child support credit because he failed to allege that she consented to or agreed to the son living with him and the attendant change in child support, such that Miller's support of their son was merely a voluntary expenditure. See, e.g., *Hagan v. McCook*, 256 Ga. 712, 712-713 (353 SE2d 197) (1987) (reversing trial court's order crediting father with missed child support for period of weeks when child lived with father because, although mother agreed to the arrangement, she "declined to enter a formal modification of custody and support and retained primary custody"). But, unlike in *Hagan*, Dixon did not retain primary custody of their son. Rather, the evidence was undisputed that the son began living with Miller in November 2019; the son continued to live there after he graduated from high school in February 2023; Dixon was aware of the child's living situation; and she provided almost no support to their son during this period. Moreover, Miller testified that he calculated that he paid Dixon $23,825 in child support between December 2019 and August 2024.[3]

---

[3] Dixon argues that Miller's calculation of the amounts paid is nonsensical, and it is unclear if these calculations include monies paid toward the arrearage or monies

As explained in Division 1, the trial court was without authority to retroactively modify Miller's child support arrearage. However, to the extent that the trial court wished to credit Miller for payments made to Dixon for any then-current child support obligation while he had custody of their son pursuant to *Brown* and *Daniel*, the trial court should clarify its reasoning on remand. See, e.g., *Cotting v. Cotting*, 261 Ga. App. 370, 372 (2) (582 SE2d 527) (2003) (vacating trial court's order and remanding for further clarification because this Court was "in the dark regarding the trial court's intent, as well as the basis for its ruling," and we could not properly review the order).

3. Finally, Dixon summarily contends the trial court erred in not holding a final hearing. However, she cites no authority to support this proposition. Accordingly, she has abandoned this claim of error. See Court of Appeals Rule 25 (d) (1) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned.").

*Judgment reversed and case remanded. Dillard, P. J., and Mercier, J., concur.*

---

paid under a then-current child support obligation, or both. But the trial court noted her objection and admitted the calculation as evidence of what Miller claimed he paid, rather than information from the child support office.